MARGUERITE D. COOMBS ET AL. *vs.* ANDREW G. LARSON.

First Judicial District, Hartford, October Term, 1930.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

Argued October 10th—decided November 7th, 1930.

*Edward J. Daly,* with whom was *Cornelius D. Shea,* for the appellants (plaintiffs).

*Richard H. Deming,* for the appellee (defendant).

*Ernest L. Averill,* Deputy Attorney-General, with whom was *H. Rogers Jones,* and, on the brief, *Benjamin W. Alling,* Attorney-General, argued the cause as *amicus curiae.*

WHEELER, C. J.  In the Public Act of 1923, Chapter 279, the General Assembly authorized the town of West Hartford and seven other cities and towns, each acting by its authority and having power to adopt ordinances or regulations for its government, to appoint a zoning commission with a term of office determined by ordinance or regulation and in the same manner to appoint a board of adjustment.  The zoning commission was authorized to adopt regulations defining boundaries of districts, size and number of stories of buildings, their location, the percentage of the lot which might be occupied by and the use which should be made of such buildings. The Act also provided that the regulations should be made in accordance with a comprehensive plan designed to prevent a close arrangement or construction of buildings upon the streets, to secure safety from fire, to avoid congestion of population and to promote the general welfare in living and working conditions, and that they should not be adopted until a copy had been filed in the office

of the city or town clerk at least fifteen days and a
public hearing held thereon after the giving of a speci-
fied notice. It further provided that upon the protest
of twenty per centum of the area of lots affected the
regulations should not be adopted except by a vote of
four of the five members of the commission and that
any person aggrieved by the regulation might appeal
to the board of adjustment, which should hear the ap-
peal and might modify, amend or repeal any regula-
tion, and might appeal from the board to a named
court.

On or about July 17th, 1923, the town of West Hart-
ford, acting through its town council, appointed a zon-
ing commission which has been in continual existence
ever since and on March 4th, 1924, filed a comprehen-
sive plan or map and zoning regulations in the office of
the town clerk in West Hartford which remained there
for more than fifteen days and thereafter held public
hearings upon the same. On March 22d, 1924, the com-
mission voted to adopt the plan and regulations in sub-
stantially the same form and with the same layout as
set forth in the plan and regulations which had thus
been on file for more than the required fifteen days.
All of the procedure taken as above was that prescribed
in Chapter 279. On March 25th, 1924, the town coun-
cil of West Hartford voted to approve these zoning
regulations.

The land in question was owned at the time of the
filing of the comprehensive map and regulations by
Anna I. Redding, and then and ever since has been
zoned for residence purposes only. On March 7th,
1929, Anna I. Redding conveyed this property to the
plaintiff Marguerite D. Coombs, who did not record
the deed until June 7th, 1929. On April 8th, 1929,
Anna I. Redding, although not then the owner of the
property, petitioned the commission to have it zoned

for business. At the hearing before the commission on the petition no claim was made that the map and regulations were not legally adopted. The petition was denied on May 21st, 1929, and no appeal was taken by either Anna I. Redding or the plaintiff Coombs, although each had an opportunity so to do. The town council has on several occasions since June 24th, 1925, acted upon appeals from actions of the commission in connection with the zoning map or zoning regulations.

On August 2d, 1929, the plaintiff McDermott entered into a contract of a lease of this property with the plaintiff Coombs and thereafter entered into its possession and on this date the plaintiff McDermott opened thereon a gift shop and ever since has conducted a business in a district zoned only for residence. On August 17th, 1929, the defendant Larson, who was and for a long time prior thereto had been the building inspector of the town of West Hartford, gave written notice to the plaintiffs to cease conducting this business on or before August 31st, 1929, because the business was located in a residence zone. On August 31st, 1929, the plaintiffs procured a temporary injunction restraining Larson from carrying out his written notice to the plaintiffs.

The zoning regulations, except as amended from time to time as provided by law, ever since their adoption have been those under which the inhabitants of this town have lived and regulated their affairs. Each of the plaintiffs knew at the time the gift shop was started that it was in an area zoned only for residence purposes.

In 1925 the General Assembly passed a general zoning law known as Chapter 242 of the Public Acts of 1925, and also passed a special law for West Hartford known as Chapter 469 of the Special Laws of 1925, both of which laws were signed on June 24th, 1925, more

than three days after the adjournment of the General Assembly.

Section 20 of Chapter 242 of the Public Acts of 1925 provides as follows: "Sec. 20. Any zoning by-law, ordinance or regulation adopted by any zoning commission pursuant to the provisions of Chapter 279 of the Public Acts of 1923, shall be deemed to have been adopted under the provisions of this act. Such by-laws, ordinances or regulations shall remain in effect until they shall have been amended or repealed by the zoning authority of such municipality, and any board of adjustment created pursuant to the provisions of said Chapter 279 shall, until superseded by a board of appeals as herein provided, have all the powers and duties of such a board of appeals, and its orders or decisions shall be subject to review as herein provided."

Section 21 of Chapter 469 of the Special Laws of 1925 provides as follows: "Sec. 21. The zoning regulations adopted by the zoning commission of West Hartford, March 22, 1924, shall be deemed to have been adopted under the provisions of this act. Such regulations shall remain in effect until they shall have been amended or repealed by the town council and the board of adjustment created pursuant to the provisions of Chapter 279 of the Public Acts of 1923 shall, until superseded by a board of appeals as herein provided, have all the powers and duties of such a board of appeals, and its orders or decisions shall be subject to review as herein provided."

The trial court in rendering judgment in favor of the defendant ordered the temporary injunction continued until the final determination of the case and reached the following conclusions:

1. The zoning map and regulations adopted in pursuance of the 1923 statute are legal and have been since their adoption and still are in effect.

2. To hold that such plan or map and regulations were not legally adopted would result in irreparable loss to property owners and would create an extremely difficult situation in the town and among its people, because of the fact that for many years the inhabitants have lived and regulated their affairs upon the supposition that the Act was valid.

3. The defendant Larson had authority on August 17th, 1929, to order the plaintiffs to cease the business conducted by them in a residence zone.

4. It was not necessary for the town council of West Hartford, either under the general zoning law of 1925 or under the special law of 1925, to hold a public hearing to pass an enactment, by-law or ordinance relative to zoning regulations which had been adopted and approved in March, 1924.

5. The Special Session of 1929 either validated or re-enacted a comprehensive zoning act which had been legally approved prior to the decision in the *McCook* case.

6. The plaintiffs did not question the validity of the zoning regulations until they thought they could evade them because of the *McCook* case.

7. If the regulations adopted in pursuance of the 1923 statute were defective because it failed to expressly provide for penalties and enforcement, that defect has been cured by the 1925 special law.

The appellants attack the zoning act of 1923 as a nugatory attempt to pass such an Act, first, because within its eleven sections no provision imposes upon the town council the duty of passing any zoning law, second, no provision is made for the enforcement of any regulations and none made for any penalties for the violation of any regulation adopted, and third, after the plans and regulations had been on file fifteen days and a hearing had thereon, changes were made

but no hearing had on them after this. There was no occasion for the town council to pass a zoning regulation. Its approval of the regulations was an act entirely proper but not made a procedural requirement by the Act. The General Assembly in the exercise of its police power had authorized the town council of West Hartford and the other named towns to appoint a zoning commission and had defined its duties. Regulations passed in accordance with the Act of 1923 constituted a zoning law dividing the town into districts and prescribing the uses to which each district could be put under a comprehensive plan. The specified purpose was the public welfare. The General Assembly might have made the council its agent to carry out its purpose, or made anybody it chose its agent, or done as it did giving the primary power of appointment of the commission to the council and have then prescribed, regulated and limited the duties of the commission. There is nothing unusual in the legislative method adopted.

The plaintiffs are in error in asserting that this Act furnishes no means for the enforcement of the regulations. Section 2 of the regulations provides: "Residence districts. A. Permitted uses. In a residence district, no building or premises shall be used, and no building shall be erected or structurally altered which is so arranged, intended or designed to be used, for other than one or more of the following uses:" Then follow eight classes of uses, all of which are exclusive of ordinary business uses excepting farming, nurseries, greenhouse and truck gardening. The use for a gift shop is expressly prohibited by the terms of section 2. In the absence of the express prohibition such a power would have been implied as among the incidental powers necessary to carry out the purposes of the zoning act. *Bridgeport* v. *Housatonic R. Co.,* 15 Conn. 475,

501. While no express penalties for the violation of any regulation are found in the Act of 1923, the town is not remediless, for the strong injunctive arm of equity is available as well as any other remedy known to our law. While these exist the town cannot be held to be without the power to regulate and enforce the violation of these regulations. The changes made in the plan and regulations after they had been filed in the town clerk's office for more than fifteen days were slight. The zoning commission voted on March 22d, 1924, to adopt the plan and regulations with the slight changes therein and they were then in substantially the same form and with the same layout as when on file in the town clerk's office for the fifteen days. The Act of 1923 did not require their refiling and in this instance no useful purpose would have been served by such a requirement. We think the procedure taken under the Act of 1923 did properly zone the town of West Hartford, and that "the zoning regulations adopted by the zoning commission on March 22d, 1924, except as amended from time to time as provided by law, have ever since and still are in effect, and under which the inhabitants have lived and regulated their affairs."

Larson had for many years been the building inspector of the town. If his authority, in the absence of a finding to the contrary, could not be implied from the nature of his office under the 1923 Act, although no express power was given him by this Act, to notify the owner and tenant of this building of the violation in its use and to order the cessation of the use, *State* v. *Cederaski,* 80 Conn. 478, 483, 69 Atl. 19, he did have express authority under Special Laws, 1925, Chapter 469, at least prospectively from the date of the Special Session, August 6th, 1929, since this Special Act was in force on August 17th when he issued the notice to

the plaintiffs to cease conducting their business on the premises in question. *Preveslin* v. *Derby & Ansonia Developing Co., ante,* p. 129, 151 Atl. 518.

Procedural irregularities under the Act or in the plan and regulations, not fundamental, though existent, could not be relied upon by these plaintiffs in support of a claim of the noneffectiveness, or invalidity, of the Act, since the Act itself provided for an appeal from the adoption of these regulations to the board of adjustment and from it to the court, and none of the owners of the premises in question have ever invoked these remedies.

The General Assembly attempted to enact a general and complete zoning law in Chapter 242 of the Public Acts of 1925, and to enact a more complete zoning act for West Hartford in Chapter 469 of the Special Acts of 1925. Neither of these Acts was approved by the Governor within the three-day period prescribed by the Constitution and under the ruling in the *McCook* case, 109 Conn. 621, 147 Atl. 126, were void. The defendant contends that these Acts were validated by the five Acts duly enacted at the special session of the General Assembly held on August 6th, 1929.

The plaintiffs contend that the General Assembly was without power to validate the Acts of 1925 which were void under the *McCook* case, decided July 25th, 1929. We do not think it is open to the plaintiffs to attack these Acts for their claimed unconstitutionality. The plaintiffs have by their conduct waived any right which they may have possessed to now press this claim.

The owner of the premises deeded this property to Marguerite D. Coombs on March 7th, 1929. Pending its record the grantor petitioned the zoning commission of West Hartford to have this property zoned for business. No claim was then made by the petitioner

that the map and regulations were not legally adopted. No appeal from the denial of the petition on June 24th, 1929, was taken by the grantor or grantee although each had an opportunity to do so. We interpret this finding as equivalent to one that each had knowledge of this decision and an opportunity thereafter to have taken an appeal. We also interpret the finding as meaning that no claim was made upon the hearing of this petition of the unconstitutionality of the Acts of 1925.

The town council has, since June 24th and prior to the decision in the *McCook* case, determined appeals from the action of the zoning commission in matters connected with the zoning map or regulations. The inhabitants in this town have been living and regulating their affairs under the zoning act of 1923 and the Special Act of 1925. Interests have no doubt been created, and buildings erected in compliance with these regulations. To hold the regulations invalid would necessarily create confusion in the town, injure property interests which had, presumptively at least, conformed to the then existing law, and disturb and impair past recall police regulations of service and value to this community. Under such circumstances every applicant to a court whose claim, if granted, must invite consequences of such serious import should be held to have waived his right to make such a contention where he has had a fair opportunity to make it and failed to avail himself of it and thereafter rights, public or private, have intervened which will be prejudiced if the applicant shall succeed.

The principle of estoppel will be applicable to every completed transaction under a law, whether valid or invalid, constitutional or otherwise. No party to a transaction, or act done, or a duty or charge complied with under an invalid or unconstitutional law who has had

the opportunity to attack it can thereafter attack or deny, so far as that transaction, act, duty or charge is concerned, the claimed invalid or unconstitutional Act. Waiver is based upon a species of the principle of estoppel and where applicable it will be enforced as the estoppel would be enforced. *Buffalo Forge Co.* v. *Mutual Security Co.,* 83 Conn. 393, 400, 76 Atl. 995.

It is probably true that in this case the plaintiffs did not anticipate the unconstitutionality of the Acts of 1925 until the decision of the *McCook* case. That is not an unusual situation. Rules of law develop upon a balance of the considerations involved, public and private. And when this balance is struck in a case such as this the principle of waiver, or in the completed transaction, that of estoppel, must and should be applied. Upon this principle the payment of a public charge, without protest, cannot thereafter be questioned by the payor. The application of the principle of waiver and that of estoppel are of wide scope and potent forces in ending litigation. Courts will act with extreme caution where the granting of injunctive relief will result in embarrassment to the operations of government. *New London* v. *Perkins,* 87 Conn. 229, 234, 87 Atl. 724.

There is no error.

In this opinion HAINES, HINMAN and BANKS, Js., concurred; Maltbie, J., concurred in the result.