STATE EX REL. MATTHEW G. DEGREGORIO v. ARTHUR L. WOODRUFF, TOWN CLERK OF BERLIN

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, JS.

Argued June 8—decided July 14, 1948

*Leo V. Gaffney,* for the appellant (defendant).

*Irving S. Ribicoff,* with whom was *David Kotkin,* for the appellee (plaintiff).

BROWN, J. The plaintiff, as incident to an application to the liquor control commission for the removal of a restaurant all-liquor permit to certain premises in Berlin, applied to the defendant as town clerk of that town to certify that the sale of liquor at the new location described therein was permissible under the zoning regulations, and upon his refusal brought this mandamus proceeding to compel him to issue the certificate. His refusal was based upon the ground that the zoning regulations of the town forbade the sale of liquor at that location. The trial court held that the applicable provision was invalid and rendered judgment for the plaintiff. The defendant has appealed.

The only allegation in the alternative writ which is denied by the defendant's return states: "There are no valid zoning ordinances and by-laws of the Town of Berlin prohibiting the sale of alcoholic liquor at said location." By amendment of his return the defendant also set up this special defense: "Estoppel. The petitioner, having failed to appeal from the adoption of the Zoning Ordinances when the Ordinances were adopted by the Town of Berlin in a town meeting, and having waived his rights to such appeal, is now estopped from attempting to declare the ordinances invalid." While no express denial of this defense appears, the record shows that the parties were at issue before the trial court upon the two propositions set forth in the words quoted. By his brief upon appeal, however, the defendant has in effect abandoned any claim that the ordinance in question was properly adopted and is valid. During oral argument, it was further expressly stated that he does not rely upon any waiver by the plaintiff. Accordingly, "the issue" is thus stated in his brief: "Was there such a prejudice to the property rights of people of the town as to create an estoppel, when the relator failed to attack the adoption of zoning ordinances for claimed illegality until after three years had passed during which time property interests in the town have been affected?"

The material facts are undisputed and may be thus summarized: The defendant was the town clerk on May 21, 1947, when the plaintiff requested the certification which the liquor control commission required to be indorsed on his application for the removal of his permit from 15 Main Street to 680 Farmington Avenue, both of which premises are in the town of Berlin. He conducted his restaurant at the former location from March, 1942, until June, 1947, and sometime after December, 1946, purchased the Farmington Ave-

nue property. On May 8, 1944, zoning ordinances were
adopted by a Berlin town meeting. Berlin was subject
to the general law as to zoning, unaffected by any
special act. Section 12 of the ordinances in effect pro-
hibited the use of any property in a business or indus-
trial district for the sale of alcoholic beverages to be
consumed on the premises within 1500 feet, as meas-
ured along the street, of any other premises so used.
No. 680 Farmington Avenue was within 1500 feet of
other premises which were being so used, and, as
already stated, the defendant refused to grant the
plaintiff's request.

The plaintiff thereupon applied to the zoning board
of appeals for a variance to permit him to operate a
restaurant with an all-liquor permit at 680 Farmington
Avenue. In making this application he had no knowl-
edge that the zoning ordinance had not been prop-
erly adopted. The board denied his application, he
appealed to the Court of Common Pleas and on March
27, 1947, the court rendered judgment sustaining the
action of the board. The zoning ordinance was adopted
by the town meeting and not by a zoning authority
constituted in accordance with § 88c of the 1935 Cumu-
lative Supplement to the General Statutes. See *State
ex rel. Bezzini* v. *Hines,* 133 Conn. 592, 596, 53 A. 2d
299. Furthermore, it was adopted without the holding
of any public hearing with regard thereto by the zoning
authority, without any publication of the time and
place of such a hearing and without any publication of
the ordinance prior to its effective date, as required by
§ 132e of the 1939 Cumulative Supplement to the Gen-
eral Statutes. See *State ex rel. Spiros* v. *Payne,* 131
Conn. 647, 649, 653, 41 A. 2d 908. Prior to May 22,
1947, when the present proceeding was instituted, the
plaintiff had no knowledge of the existence of any of

the facts just recited which rendered the ordinance invalid.

The defendant claims that the finding should be corrected by adding two facts: "As a result of the adoption of these Zoning Ordinances property values in Berlin have increased in value throughout the town," and "a repeal of the ordinances would have serious consequences respecting property in the Town." While the court properly might have refused to accept the very terse, though uncontradicted, opinion testimony of the single witness who so testified, in the light of the view which we take as to the effect of the legal principles involved upon the controverted issue of estoppel, we include the former fact among those considered in arriving at our decision. The latter we do not, however, for the court could well have concluded that if this ordinance was held invalid there would be no reason why the town could not proceed at once to adopt another.

Even giving the defendant the benefit of the former fact, his claim that the plaintiff is estopped from relying upon the invalidity of the ordinance finds full answer in consequence of the court's further finding, which is not attacked, that "No rights of other persons in the Town of Berlin have been prejudiced by the conduct of the Relator in seeking this application." We interpret the words quoted to mean that the successful invocation by the plaintiff of the remedy he seeks will not cause prejudice to any of the inhabitants of the town. This, coupled with the fact, stated above, that the plaintiff's first knowledge of the invalidity of the ordinance was coincident with the institution of this action, demonstrates that he did not knowingly prejudice, either by what he did or by what he refrained from doing, the rights of anyone in so far as the operative effect of the ordinance is concerned.

Under these circumstances there can be no estoppel. *Aetna National Bank* v. *Hollister*, 55 Conn. 188, 213, 10 A. 550. "The office of an equitable estoppel is 'to show what equity and good conscience require, under the particular circumstances of the case, irrespective of what might otherwise be the legal rights of the parties.' *Canfield* v. *Gregory*, 66 Conn. 9, 17, 33 Atl. 536." *Newfield Building Co.* v. *Mohican Co.*, 105 Conn. 488, 500, 136 A. 78. "There are two essential elements to an estoppel—the party must do or say something that is intended or calculated to induce another to believe in the existence of certain facts and to act upon that belief; and the other party, influenced thereby, must actually change his position or do some act to his injury which he otherwise would not have done." *Fawcett* v. *New Haven Organ Co.*, 47 Conn. 224, 227; *Tradesmens National Bank of New Haven* v. *Minor*, 122 Conn. 419, 424, 190 A. 270.

It follows from what we have stated that the case of *Coombs* v. *Larson*, 112 Conn. 236, 242, 152 A. 297, upon which the defendant chiefly relies, cannot avail him. A fact which we deem essential to the support of this court's decision in that case was that, as the trial court therein expressly found, to hold the ordinance invalid "would result in irreparable loss to property owners . . . because of the fact that for many years the inhabitants have lived and regulated their affairs upon the supposition that the Act was valid." The court's finding to the contrary in the instant case renders the two cases clearly distinguishable. In so far as the opinion in the *Coombs* case held that a landowner was estopped to attack the validity of a zoning ordinance upon a presumption, without proof, that prejudice would be caused to other inhabitants of the town if it should be held invalid, and in so far as that decision held the plaintiff estopped although he did

not know that the ordinance was invalid until a few days before he took the action which precipitated the controversy, we are unable to follow it. In disposing of the instant case as we do, we have decided it upon the issues presented by this record. We point out that the defendant has made no claim that, even if the plaintiff prove correct in his contentions, mandamus is not a proper remedy. See *State ex rel. Haverback* v. *Thompson*, 134 Conn. 288, 294, 57 A. 2d 259.

There is no error.

In this opinion the other judges concurred.