AUGUST HOFFMAN ET AL. v. CITY OF HARTFORD ET AL.

SUPERIOR COURT          HARTFORD COUNTY          FILE No. 81097

Memorandum filed July 20, 1948.

*Francis P. Rohrmayer,* of Hartford, for the Plaintiffs.

*Samuel H. Aaron, Wallace R. Burke* and *John Bracken,* all of Hartford, for the Defendants.

ALCORN, J. The plaintiffs own property situated on the same street and in the same block with the premises known as 125-127 Zion Street in the city of Hartford. The defendants are the city of Hartford, the city building inspector, whose duty it is to issue certificates of occupancy under zoning regulations, and the owner of 125-127 Zion Street. Another defendant was dropped before trial.

The plaintiffs seek a declaratory judgment relative to the validity of a change of zone affecting the property at 125-127 Zion Street, and to declare a purported change of zone void; and by amendment, an injunction preventing a change of zone. A temporary injunction to preserve the status quo issued by the Court (*Shea, J.*) is now in force.

The defendants Gillespie are husband and wife and own the building at the southwest corner of Flatbush Avenue and Zion Street, on the ground floor of which are two stores designated as Nos. 125 and 127 Zion Street. The west side of Zion Street from Flatbush Avenue south to Curtis Street has been, for a number of years, zoned partially for B residence and partially for C-1 residence, the Gillespie property being in the latter zone. The stores have constituted a nonconforming use. In September, 1946, the Gillespies wished to use the premises for the sale of packaged liquors, which was prohibited under the existing zoning regulations.

The charter of the city of Hartford then in force designated the city's common council as the authority empowered to adopt and amend zoning regulations. No. 547, Spec. Acts, 1941, § § 123-126 (23 Spec. Laws 1187, 1241-1242); No. 331, Spec. Acts, 1943 (24 Spec. Laws 237). Under its charter authority the common council adopted a zoning ordinance which, with respect to changes or amendments, provided in part as follows: ". . . no change in the regulations, restrictions or boundaries shall become effective until after a public hearing in relation thereto, held by the Court of Common Council, or a committe thereof, appointed for that purpose, consisting

of at least five members, at which parties in interest and citizens shall have an opportunity to be heard. At least fifteen days' notice of the time and place of such hearing shall be published in a newspaper of general circulation in this City. Said Court of Common Council, or the Commitee thereof appointed for that purpose, shall notify the City Plan Commission of any request for change of zone, and the City Plan Commission shall report its recommendation concerning such request for change of zone to the Court of Common Council or its proper committee at or before the time and place of the hearing on such request. In the event of the rejection of the proposed change by the Court of Common Council, it may not again be proposed for three years unless the proposed change is referred by the Court of Common Council to the Commission on the City Plan and said commission certifies to the Court of Common Council that a rehearing of the proposed change is justified." Hartford Zoning Ordinance, approved October 8, 1945, with amendments to June 11, 1947, Article V § 6. The court of common council has a committee on zoning consisting of five members.

On February 19, 1946, a resolution was presented to the court of common council "That the zone classification of Zion St., west side, from Flatbush Ave., to Curtis St., be changed from Residence B & C-1 to Business number 1." The common council on February 25, 1946, referred this resolution to its zoning committee. It was the established practice of the common council that notice of the references of such proposed zoning change to the zoning committee be sent by the city clerk's office to the city plan Commission and that procedure was followed upon the referral of this resolution. The zoning committee held a hearing upon the resolution and on May 16, 1946, recommended its rejection to the common council, whereupon the latter rejected the resolution.

Subsequently, on March 20, 1947, a resolution was submitted to the common council: "That premises known as 125-7 Zion Street, situated on the Southwest corner of the intersection of Zion Street and Flatbush Avenue, be changed from C 1 Residence Zone to Business 1 Zone." On March 24, 1947, this resolution was referred by the common council to its zoning committee and the procedure as to notice to the city plan commission by the city clerk's office was followed. On April 16, 1947, the committee on zoning recommended to the common council that the resolution be referred to the city plan com-

mission for consideration. On May 6, 1947, the attorney for the Gillespies appeared before the city plan commission, referred to the rejected zoning resolution of February, 1946, stated that his client wished to petition for a change of zone of his own property only which had been included in the former petition, and requested the commission on city plan to certify to the justification of a rehearing. The city plan commission thereupon voted to certify to the justification of a rehearing, and that they saw no objection to the change if it were consistent with the corporation counsel's finding regarding spot zoning. On May 26, 1947, the common council tabled its committee's report of April 16, 1947. On August 18, 1947, the zoning committee's report was taken from the table and referred to the zoning committee. In September, notice of the proposed change was advertised in accordance with the charter; after hearing on October 16, 1947, the zoning committee recommended the change of zone to the common council; and on October 27, 1947, the following was adopted: "Ordinance Amending The Zoning Ordinance As To Zion Street Be It Ordained By The Court of Common Council Of The City Of Hartford: The Building Zone Map, which is a portion of the Zoning Ordinance, Chapter 20 of the Municipal Code of the City of Hartford, is hereby amended to read as follows: The area known as 125-127 Zion Street, situated on the Southwest corner of the intersection of Zion Street and Flatbush Avenue, is changed from C-1 residence zone to Business No. 1."

During the proceedings above described, discussion in public and in the press had taken place concerning the adoption of a new city charter, approved by the General Assembly on May 1, 1947. Counsel argue that under this charter so-called "spot zoning" became illegal while under the preceding charter its legality had been doubtful. The zoning provisions of the new charter did not become effective until January 1, 1948, and therefore are not material upon the issues in this case.

The plaintiffs' contention is first, that the purported change of zone was invalid since it was a renewal within three years of a resolution previously rejected and not, before its adoption, submitted to the commission on city plan as required by ordinance. The defendants, on the other hand, contend that the resolution to rezone merely the Gillespie property was a new resolution and did not come within the requirements as to

action renewed within three years. It is clearly apparent that both the common council and the property owner treated the second application throughout as a renewal of the original application. The court will treat it as the parties have done and it is concluded that the procedure which was followed was a substantial compliance with the requirements of the statute and ordinance.

The plaintiffs second claim is that the rezoning was invalid as so-called "spot zoning." This property had been a nonconforming use for a number of years. The continued existence of nonconforming uses is inconsistent with the ultimate object of zoning and it is intended that conditions be reduced to conformity as speedily as possible without working an injustice to the interests of those who are making nonconforming use of property at the time of the adoption of regulations. *Darien* v. *Webb*, 115 Conn. 581, 585. The action of the zoning authorities in this case not only did not bring this property into conformity with the adjoining residence property but, on the contrary, went so far in the other direction as open it to a variety of formerly prohibited business uses. Hartford Zoning Ordinance, Art. II, § 7. Furthermore, it singled out an extremely limited area for such a purpose. The property involved fronts 61 feet on Zion Street, 127 feet on Flatbush Avenue, 63 feet on the west boundary of the lot, and 123 feet on the south boundary. "Spot zoning," so-called, if permitted, "must often involve unfair and unreasonable discrimination and necessarily defeat, in large measure, the beneficial results of zoning regulation." *Delaney* v. *Zoning Board of Appeals,* 134 Conn. 240, 245. From the evidence presented it is the court's conclusion that the change made in this instance was detrimental to the plaintiffs and to owners of property in the neighborhood in general.

The validity of a zoning ordinance is to be tested in the same manner as any other municipal ordinance, bearing in mind, however, that it emanates from a specific grant of power and that the manner of exercising the power is particularized. 3 McQuillin, Municipal Corporations 2d Ed. Rev. § 1034. Such an ordinance must follow the grant of power under which it is adopted; *Coombs* v. *Larson,* 112 Conn. 236; and the exercise of power must be reasonable. *First National Bank & Trust Co.* v. *Zoning Board of Appeals,* 126 Conn. 228, 237; *Grady* v. *Katz,* 124 Conn. 525, 530.

The authority which the common council of the city had, by statute, to make any change of zone of this area is limited to that found in No. 331, Special Acts, 1943 (24 Spec. Laws 237), which provides in part: " . . . boundaries may be amended or changed to include not less than the entire area fronting on the same street in one block, but this change in boundaries of such frontage need not include such portions of corner lots as may be within one hundred and fifty feet of the street line of the intersecting streets which bound the block, and in blocks where the frontage on the same street exceeds twelve hundred feet, the change in boundaries need not include more than eight hundred continous feet thereof. Changes involving lesser areas than the above may be made where the change consists of including the balance of the frontage on the same street in any one block in the same zone in which the major portion of such frontage is already included."

The apparent legislative intent from the language quoted was to empower the local zoning authority to amend its zone boundaries in a manner to accomplish uniformity within a given city block. It permitted, however, the omission of the area within 150 feet from the street line of the intersecting streets bounding the block, for the quite obvious purpose of allowing flexibility within that area to permit adaptation to the zone requirements of the intersecting street. Nothing in the language of the statute, however, warrants a construction that the area within the prescribed distance from the corner can be zoned independently of the rest of the area fronting upon the two intersecting streets. Clearly the attempted change did not include "the entire area fronting on the same street in one block," nor did it include "more than eight hundred continuous feet thereof." Neither was it a change involving a lesser area by including it "in the same zone in which the major portion of such frontage is already included." No authority is found in the statute for doing what the common council in this case attempted to do. Since the common council's power to act emanated only from the specific grant from the General Assembly, it follows that in attempting to go beyond that power the common council acted without authority.

Judgment may enter declaring the purported change of zone void.