Joseph H. Pallman *v.* Town of East Haven

Maltbie, C. J., Brown, Jennings, Ells and Comley, Js.

Argued April 7—decided June 21, 1949.

*James F. Rosen,* with whom were *John C. Flanagan* and, on the brief, *Armen K. Krikorian,* for the appellant (plaintiff).

*John J. Kinney, Jr.,* with whom was *Edward L. Reynolds,* for the appellee (defendant).

Jennings, J. The plaintiff brought suit to enjoin the defendant from interfering with the completion of a building started by him. The defendant demurred on the ground that the building was a nonconforming use which necessitated a permit. The demurrer was sustained and the plaintiff appealed.

The complaint alleges: After some indefinite and ineffectual attempts to secure a permit, the plaintiff started the erection of a building in East Haven. It is necessarily implied from the allegations made that the

building was a nonconforming use in a residence zone and that a permit was required. When the building was nearly completed, the building inspector ordered a stoppage of the construction work. The erection of the structure was in progress openly and notoriously for about one month and the town officials knew or should have known this fact. The plaintiff was not informed and did not know, prior to the stoppage, that a building permit was necessary.

The only allegation of the complaint which merits consideration is "That said Town of East Haven, through the conduct and acquiescence of its servants and agents is now responsible for the plaintiff's dilemma and is estopped from taking unjust advantage of the plaintiff."

The plaintiff was charged with knowledge of the law. *Silberman* v. *McLaughlin,* 129 Conn. 273, 279, 27 A. 2d 634. The general rule is stated in a note, 119 A. L. R. 1512: "Most of the cases are to the effect that a municipality is not precluded from enforcing a zoning or fire limit regulation by the fact that one or more of its officers or servants has exceeded his authority by issuing a permit contravening the terms of such regulation; and this notwithstanding that the holder of the permit has proceeded thereunder to his detriment before the municipality seeks to enforce the regulation against him." The plaintiff is in a much weaker position than the permittees in the cases cited in support of the note. He had no permit. *Sanger* v. *Bridgeport,* 124 Conn. 183, 185, 198 A. 746; *New Castle City* v. *Withers,* 291 Pa. 216, 219, 139 A. 860; *Building Commissioner of Medford* v. *C. & H. Co.,* 319 Mass. 273, 283, 65 N. E. 2d 537. Cases have undoubtedly arisen where relief has been granted because the circumstances were unusual and the hardship great, although the note cited calls attention to only one. Corpus Juris

Secundum gives the same general rule; 31 C. J. S. 403; but subsequent sections do cite a number of cases making exceptions: One was made in *Coombs* v. *Larson*, 112 Conn. 236, 246, 152 A. 297, but the scope of that decision was limited in *National Transportation Co.* v. *Toquet*, 123 Conn. 468, 477, 196 A. 344, and in *State ex rel. DeGregorio* v. *Woodruff*, 135 Conn. 31, 36, 60 A. 2d 653. To cite only one more case, in *Essex* v. *New England Telegraph Co.*, 239 U. S. 313, 36 S. Ct. 102, 60 L. Ed. 301, the court held (p. 321) that acquiescence for more than twenty years in the operation and maintenance of a telephone line estopped the municipality from maintaining trespass or ejectment. It is not necessary to labor the point. In the *Coombs* case, the trial court concluded that irreparable loss to property owners of a whole town was involved. 384 Rec. & Briefs 240. In the *Essex* case, the court said: "The company has expended large sums of money and perfected a great instrumentality of interstate and foreign commerce, in the continued operation of which both the general public and the Government have an important interest." Nothing in the case at bar brings it within such exceptions.

There is no error.

In this opinion the other judges concurred.