RONALD L. FARNSWORTH *v.* TOWN OF WINDSOR ET AL.

BALDWIN, C. J., KING, MURPHY, SHEA and ALCORN, Js.

Argued April 4—decided April 25, 1963

*Theodore A. Lubinsky,* with whom, on the brief, were *I. Albert Lehrer* and *Morton C. Hansen, Jr.,* for the appellant (plaintiff).

*Carmen Morelli,* for the appellees (defendants).

MURPHY, J. On November 4, 1959, the defendant zoning board of appeals of the town of Windsor granted the plaintiff a variance of § 5.01 of the town zoning regulations to permit him to use leased premises in an agricultural zone as a go-kart raceway for a period of two years. In 1961, he applied for a continuance of the variance. It was denied on the ground that the operation constituted a public nuisance. The plaintiff appealed to the Court of Common Pleas, which concluded that the board lacked jurisdiction on the ground that the zoning regulations did not permit such a raceway in an agricultural zone and that the regulations limited

the situations in which the board could act. The trial court dismissed the appeal, and the plaintiff has appealed to us.

Zoning in Windsor is governed by the provisions of a 1931 special act. 21 Spec. Laws 275, No. 305; see 25 Spec. Laws 124, No. 93, 132 § 25, 140 § 49. The powers and duties of the zoning board of appeals are enumerated in § 7. 21 Spec. Laws 277. The portion of that section relevant to this appeal reads as follows: "If there shall be difficulty or unreasonable hardship in carrying out the strict letter of any zoning ordinance or regulation, said board shall have authority, in passing upon appeals, to vary or modify the application of any of the provisions of such regulation or ordinance relating to the use, construction or alteration of buildings or structures or the use of land, so that the spirit of the ordinance or regulation shall be observed, public safety and welfare secured and substantial justice done." Generally, the special act authorizes the zoning commission to divide the town into districts and to adopt regulations, in accordance with a comprehensive plan, to govern the character, size and use of buildings and the land on which they are located and to encourage the most appropriate use of land in the town. 21 Spec. Laws 276, §§ 2, 3. Despite the fact that the special act grants no authority to the town council to adopt regulations governing the powers and duties of the zoning board of appeals, the council has promulgated regulations which attempt to restrict the board of appeals, in granting variances, to situations in which the lot is exceptionally irregular, narrow, shallow or steep or in which other exceptional physical conditions exist. Windsor Zoning Regs., pp. 1, 18 § 8.04 (1958). The authority for and

the extent of the powers and duties of the board of appeals are to be found in and are governed entirely by the provisions of the special act. 21 Spec. Laws 277, § 7. Any attempt to limit these powers and duties by restrictive regulation in conflict with the enactment of the General Assembly exceeds the authority of the town. The regulations governing the powers and duties of the zoning board of appeals are not enforceable. *Mabank Corporation* v. *Board of Zoning Appeals,* 143 Conn. 132, 135, 120 A.2d 149; *Shelton* v. *City of Shelton,* 111 Conn. 433, 439, 150 A. 811; 5 McQuillin, Municipal Corporations (3d Ed.) p. 97. The appeal should not have been dismissed for the reasons advanced by the trial court.

The action of the board of appeals in denying the variance was not illegal, arbitrary or in abuse of discretion. The zoning regulations (§ 5.01) did not permit a go-kart raceway in an agricultural zone. The plaintiff's application on its face failed to state any practical difficulty or unreasonable hardship in the use of the premises for agricultural purposes which would warrant the granting of the variance. No evidence was presented to the board to show such difficulty or hardship. The board was fully justified in denying the plaintiff's application.

There is no error.

In this opinion the other judges concurred.