RONALD L. FARNSWORTH ET AL. *v.* THE TOWN OF WINDSOR ET AL.

COURT OF COMMON PLEAS    HARTFORD COUNTY    FILE No. 87314

Memorandum filed June 20, 1963

I. *Albert Lehrer*, of West Hartford, and *Jay Yaffo*, of Hartford, for the plaintiffs.

*Sbarge, Hennessy & Bernstein*, of Windsor, for the defendants.

LUGG, J. On November 4, 1959, the defendant zoning board of appeals of the town of Windsor granted the plaintiff Ronald L. Farnsworth a variance of § 5.01 of the town zoning regulations to permit him to use leased premises in an agricultural zone as a go-kart raceway for a period of two years. In 1961, he applied for a continuance of the variance. It was denied on the ground that the operation constituted a public nuisance. The plaintiff appealed to the Court of Common Pleas, which dismissed the appeal. From that decision Farnsworth appealed to the Supreme Court of Errors, which sustained the ruling of the trial court, although upon grounds different from those relied upon by the latter. *Farnsworth* v. *Windsor*, 150 Conn. 484 (1963).

In the present action, the same plaintiff (now joined by his wife) sues the same defendant, the zoning board of appeals (now joining the zoning enforcement officer of the town), claiming an injunction restraining the defendants from instituting any action preventing the plaintiffs from conducting the raceway, and also seeking relief by way of declaratory judgment that the zoning regulations and ordinances of the town of Windsor are void. The interest of the plaintiff Ronald L. Farnsworth in the premises springs from a lease for two years from 1 January 1960 plus two successive options for renewal for two years each, i.e. to 31 December 1965. The plaintiff Louise Farnsworth is not a party to this instrument, no other evidence was adduced revealing any interest of hers in the premises,

and judgment shall accordingly enter against her for those reasons.

Zoning in Windsor is governed by the provisions of a 1931 special act. 21 Spec. Laws 275, No. 305; see 25 Spec. Laws 124, No. 93, 132 § 25, 140 § 49. The powers and duties of the zoning board of appeals are enumerated in § 7. 21 Spec. Laws 277. Generally, the special act authorizes the zoning commission to divide the town into districts and to adopt regulations, in accordance with a comprehensive plan, to govern the character, size and use of buildings and the land on which they are located and to encourage the most appropriate use of land in the town. 21 Spec. Laws 276, §§ 2, 3.

The defendants at the outset make the claim that the present cause of action is made res judicata by the prior case. It is perfectly obvious from the most cursory reading of the opinion in the cited case in the Supreme Court of Errors, as well as a perusal of the file in the same matter; *Farnsworth* v. *Windsor*, Court of Common Pleas, Hartford County, No. 82725; that this is not so. A prior decision of the Supreme Court of Errors is conclusive only with respect to the claims relating to that cause which were actually made or might have been made. *Bridgeport Hydraulic Co.* v. *Pearson*, 139 Conn. 186, 196 (1952) (cited in *Greenwich Water Co.* v. *Adams*, 145 Conn. 535, 538 [1958]); see also *St. John's Roman Catholic Church Corporation* v. *Darien*, 149 Conn. 712 (1962); *Salem Park, Inc.* v. *Salem*, 149 Conn. 141, 144 (1961); *Bridgeport-City Trust Co.* v. *Niles-Bement-Pond Co.*, 128 Conn. 4, 7 (1941).

Both parties are confused in attempting to interrelate the doctrine of res judicata with cases which appear to have held that a party is not precluded from attacking the validity of zoning regulations

because in other proceedings he invoked the same regulations. This latter doctrine is not concerned with res judicata and is entirely separate and distinct therefrom. A superficial reading of some of the cases might indicate that the plaintiff in this action is not estopped here to question the validity of the ordinances because of his prior invocation of their authority to his own benefit. See *Florentine* v. *Darien,* 142 Conn. 415 (1955), and cases cited. Such an interpretation is prompted only by a cursory perusal of those opinions. The rule applicable to the present instance was announced in *Coombs* v. *Larson,* 112 Conn. 236 (1930). Mere procedural irregularities in the plan or regulations, not truly fundamental even though existent, should not be relied upon by the plaintiff in support of a claim of invalidity of the entire zoning system of the town of Windsor. The defects which the plaintiff here urges upon us to invalidate these regulations are of such a nature. For example, the notice given by the zoning commission of its public hearing is said to be one day too late, i.e. fourteen instead of fifteen days before the event. "Courts will act with extreme caution where the granting of injunctive relief will result in embarrassment to the operations of government. *New London* v. *Perkins,* 87 Conn. 229, 234 . . . [1913]." *Coombs* v. *Larson,* supra, 247.

The plaintiff on oral argument asserted that the *Coombs* case, supra, had been overruled. He does not cite any authority for this, nor are we able to find any. It is possible that he misread *State ex rel. DeGregorio* v. *Woodruff,* 135 Conn. 31 (1948). At page 36, the latter case clearly says: "The court's finding . . . [that to hold the ordinance invalid would not result in irreparable loss to property owners] renders . . . [the instant case and the *Coombs* case] clearly distinguishable. In so far as

the opinion in the *Coombs* case held that a landowner was estopped to attack the validity of a zoning ordinance upon a presumption, without proof, that prejudice would be caused to other inhabitants of the town if it should be held invalid, and in so far as that decision held the plaintiff estopped although he did not know that the ordinance was invalid until a few days before he took the action which precipitated the controversy, we are unable to follow it." It could not be more abundantly apparent, therefore, that the Supreme Court was at pains to point out that it did not overrule the *Coombs* case, but on the contrary, distinguished it. There is in the present situation, on the contrary, much evidence of prejudice to others in the town of Windsor should the plaintiff succeed here. The defendant board of appeals has already decided that the operation which the plaintiff seeks to continue is a public nuisance. See *Farnsworth* v. *Windsor,* 150 Conn. 484, 485 (1963). This finding was unattacked. At the trial it was clear that repeated complaints had been made by residents of the town of Windsor to and including the present time against the racket and nuisance caused by this go-kart operation. This goes far beyond that lack of proof to which the court referred in the *DeGregorio* case, supra.

There have been zoning regulations in the town of Windsor at least since 1920. The further history of zoning in the town of Windsor is traced in *Farnsworth* v. *Windsor,* supra, and *Park Regional Corporation* v. *Town Plan & Zoning Commission,* 144 Conn. 677, 679 (1957). "[W]e must make every presumption and intendment in favor of the regulations and sustain them unless they are clearly invalid." *St. John's Roman Catholic Church Corporation* v. *Darien,* 149 Conn. 712, 722 (1962).

This plaintiff invoked the indulgence of the defendant board of appeals in asking for a variance, which was granted for a period of two years. *Farnsworth* v. *Windsor,* supra. He again asked its indulgence in a request for a further variance, the refusal for which precipitated that action. Ibid. It has already been adjudicated by the Supreme Court of Errors that "[o]n August 22, 1955, the town council approved and *legally adopted* the new zoning regulations and map, to become effective on September 9, 1955" (italics supplied). *Park Regional Corporation* v. *Town Plan & Zoning Commission,* supra. Even if this is not res judicata as to the present action, its significance is apparent. We do not understand the law in this state, announced by *St. John's Roman Catholic Church Corporation* v. *Darien,* 149 Conn. 712 (1962), and the cases cited therein, as holding that in all instances a litigant may repeatedly invoke the aid of zoning regulations and then eventually, when displeased with the result, turn about and attack them for minor procedural irregularities. In this connection, it must be noted that in the *St. John's* case it was held that the party was not estopped by a previous action from attacking a major issue, namely, constitutionality, as distinguished from procedural infirmities. Id., 718. The same thing is true in *Florentine* v. *Darien,* 142 Conn. 415, 428 (1955). It is equally so of *Gionfriddo* v. *Windsor,* 137 Conn. 701 (1951). "The defendant, however, invoked these same regulations in his own behalf. He twice sought permits to alter the use of his premises, he applied to the board of appeals for a variance and, this having been granted, he accepted a certificate of occupancy, all pursuant to the zoning regulations. . . . He is estopped from asserting their invalidity in this proceeding." *Heady* v. *Zoning Board of Appeals,* 139 Conn. 463, 468 (1953).

The plaintiff here advanced into this situation with his eyes open. He was obviously aware of the 1955 regulations, since he requested a variance under them. He knew that the variance was only for two years. He knew that his lease was, at the outside, in the event of the exercise of all of his options, for no more than six years. The plaintiff's difficulties did not originate in the zoning regulations. He brought them on himself. He leased the property "with full knowledge of the limitations upon the use of it, intending, in spite of those limitations, to use it for a purpose proscribed by the zoning regulations, by securing a variance." *Spalding* v. *Board of Zoning Appeals,* 144 Conn. 719, 722 (1957). "The plaintiff has no cause now to complain." *Celentano, Inc.* v. *Board of Zoning Appeals,* 149 Conn. 671, 674 (1962).

Some language was offered by the principal witness for the plaintiff, the plaintiff himself having failed to testify, to the effect that someone associated with the town had stated that the variance would be further renewed. On the basis of this vague and inconclusive testimony so offered, it cannot be held that as a matter of fact any such commitment was established. Even if it had been, a finding to that effect could not avail the plaintiff. "A municipality cannot be estopped by the unauthorized acts of its officers or agents. *Pallman* v. *East Haven* 135 Conn. 593, 594 . . . ; *State ex rel. LaVoie* v. *Building Commission,* 135 Conn. 415, 420 . . . ; 38 Am. Jur., Municipal Corporations, § 669; 1 Metzenbaum, Zoning (2d Ed.) p. 163. Estoppel may not be invoked against a municipality or its agents in matters involving a governmental function. 2 Rathkopf, Zoning and Planning (3d Ed.) p. 271; 101 C.J.S., Zoning, § 390; note, 6 A.L.R.2d 960, 965; see *Wallingford* v. *Roberts,* 145 Conn. 682, 685 . . . . It is a familiar legal maxim that everyone is pre-

sumed to know the law and ignorance of it excuses no one. This rule is founded on public policy and is based on the principle that the acts of a person must be considered as having been done with knowledge of the law, for otherwise the law could be evaded with facility. *Atlas Realty Corporation* v. *House,* 123 Conn. 94, 101 . . . . The plaintiff's claim of estoppel is without merit. This is true even without consideration of the settled rule, as given in cases such as *Robinson* v. *Atterbury,* 135 Conn. 517, 520 . . . , that equitable estoppel is available only for protection and cannot be used as a weapon of assault." *Hebb* v. *Zoning Board of Appeals,* 150 Conn. 539, 542 (1963).

An essential element of the complaint in the present action is contained in its paragraph 6, which alleges irreparable damage. We do not find this established by the evidence. It cannot be found proven under the evidence offered to us that this land can be used for no other purpose. Even this, of course, is not the point. The issue is really whether there was irreparable damage to the plaintiff in view of his status as a lessee at the most for six years. His claimed investment in the raceway on such a tenuous basis was certainly made at his own risk, in view of the facts stated.

The record before us thus precludes equitable relief to this plaintiff; neither can a declaratory judgment be entered adopting the construction of the law he asserts.

Judgment shall enter for the defendants accordingly.