ANTHONY CERRETANI *v.* CHARLES F. KELLEY ET AL.

SUPERIOR COURT      FAIRFIELD COUNTY      FILE No. 6376
AT STAMFORD

Memorandum filed October 28, 1963

*Slavitt & Connery,* of Norwalk, for the plaintiff.

*Vogel, Sigsway, Seidman & Harris,* of Norwalk, specially for the defendants.

MacDonald, J. Plaintiff, aggrieved by the action of the defendant Tippman, building inspector of the town of New Canaan, in refusing to grant him a permit for the reconstruction of a building which was a nonconforming use (under the provisions of § 104 of the state building code, 1955, amended edition, adopted by New Canaan prior to its amendment effective June 26, 1954) and which Tippman had found, after inspection (under § 125.2 of the 1957 basic state building code), to have been damaged by fire to the extent of 63 percent of its original value, and being further aggrieved by the action of the named defendants, constituting the building committee of New Canaan, who, after hearing and inspection upon plaintiff's appeal from the action of the building inspector, likewise found the building damaged in excess of 50 percent of its value and denied plaintiff's appeal, now, by means of an action asking injunctive relief, seeks relief in this court.

It is clear from a reading of the complaint that what plaintiff really seeks is a review of the action of the building committee in sustaining the acts of the building inspector. The complaint alleges that the defendants, in their official capacities, acted "illegally, arbitrarily, wrongfully, and in abuse of the discretion vested in each of them," which is the language of an appeal for review. See Maltbie, Conn. App. Proc. § 243. As stated by our Supreme Court in *Fisher* v. *Board of Zoning Appeals,* 142 Conn. 275, 277, 278, "[t]he application contains all the allegations essential to an appeal from a zoning

board. . . . It is true that the application did not contain a prayer for relief to the effect that the decision of the board be modified or reversed. Such a prayer for relief is not necessary. . . . The presence of the prayers [for a temporary and permanent injunction and for a declaratory judgment] in the application . . . did not convert the appeal into some other form of action."

In New Canaan, the building committee, to which plaintiff appealed from the action of the building inspector, acted as a board of appeals; and by the provisions of § 19-402 of the General Statutes (chapter 354, state building code) "[a]ny person aggrieved by any ruling of the board of appeals may appeal to the court of common pleas in the county where such building or structure has been or is being erected." This is similar to § 19-379, giving the right to appeal to the Court of Common Pleas from a ruling that a building has become unsafe. Section 52-7 of the General Statutes, moreover, lays down the broad rule that "[t]he court of common pleas shall have exclusive jurisdiction of all appeals from the doings of any municipal board, officer or commission . . . . So much of any special act as is inconsistent herewith is repealed." The statute last cited would appear to answer plaintiff's contention that chapter 5, § 5-2 (18) of the New Canaan town code allows "all persons aggrieved by a rule, order or decision of the Building Committee or its agent any legal or equitable redress or remedy in a court of competent jurisdiction," for it is quite clear that towns cannot adopt rules of legal procedure contrary to the provisions of the General Statutes. *Farnsworth* v. *Windsor,* 150 Conn. 484 (1963) ; *Bartlett* v. *Rockville,* 150 Conn. 428 (1963).

The case of *West Realty Co.* v. *Ennis,* 147 Conn. 602, cited by plaintiff, involved the same procedural

steps followed by plaintiff here, and our Supreme Court did affirm the judgment of the Superior Court denying the injunctive relief sought against the building inspector of Hartford without questioning the procedure followed. However, the jurisdictional question was not raised either in the Superior Court or the Supreme Court and, accordingly, was not considered.

By whatever name it might be called, this is, in effect, an appeal which, under the guise of an injunctive action, cannot give this court the jurisdiction specifically conferred upon the Court of Common Pleas.[1]

Defendant's motion to erase appears to be the proper method of attacking jurisdiction where, as here, the want of jurisdiction appears on the record, i.e., on the face of the complaint itself. *Village Creek Homeowners Assn.* v. *Public Utilities Commission,* 148 Conn. 336, 339 (1961); *Felleter* v. *Thompson,* 133 Conn. 277, 279; *Regali* v. *Holmes,* 111 Conn. 663, 664.

The motion to erase is granted.

---

[1] For a different rationale of why an injunction action cannot be employed as a substitute for a statutory administrative appeal, the reader is referred to *Country Lands, Inc.* v. *Swinnerton,* 151 Conn. 27, 33.