[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR TEMPORARY INJUNCTION
This matter comes to the court by way of a complaint filed by the plaintiff dated July 3, 2000 and returnable August 1, 2000. The complaint is made up of Four Counts; the First Count demanding a Declaratory Judgment as affecting the appointment of Kevin Hale as Chief of Police of the City of Ansonia by Mayor James DellaVolpe, et al on June 28, 2000; the Second Count requesting a Temporary and Permanent Injunction barring the appointment and assumption of office by the newly-appointed Chief Kevin Hale; the Third Count in Quo Warranto testing the right of Kevin Hale to occupy the Office of Police Chief of the defendant City of Ansonia, and the Fourth and final Count grounded in Mandamus to require the appointing officials to conform to the claimed appointing procedures of the defendant City to name a new police chief.
As noted above, the complaint includes a petition for a Temporary Injunction requesting an order from the court on a temporary basis enjoining the defendants or any of them from implementing the appointment of the defendant Hale as police chief pending the resolution by the court of the remaining counts of the plaintiff's complaint. A hearing on the plaintiff's petition for a Temporary Injunction was conducted by the court commencing on July 17, 2000 and concluding several days thereafter on July 27, 2000.
It is the plaintiff's claim that the evidence presented supports his petition for a Temporary Injunction by meeting the four requirements for the issuance of such an order; CT Page 12908
(1) the plaintiff has no adequate remedy at law,
 (2) the plaintiff will suffer irreparable injury should the temporary injunction be denied,
(3) the plaintiff is likely to prevail on the merits, and
(4) the balance of equities favor an injunction.
This has long been the standard by which the court determines a parties' right to a temporary injunction staying any action taken or to be taken by a defendant and was again set out in Griffin Hospital v.Commission on Hospitals and Health Care, 196 Conn. 451, and Hartford v.American Arbitration Assn., 174 Conn. 472. It has been noted in connection with temporary and permanent injunctions that the extraordinary remedy of injunction is a power that courts exercise cautiously. This is especially so when the party to be restrained is a governmental agency: "courts will act with extreme caution where the granting of injunctive relief will result in embarrassment to the operations of government". Coombs v. Larson, 112 Conn. 236.
The Griffin Hospital case, cited supra at page 457, also notes that it must be "very clear that the plaintiff is without legal right".
As to that aspect of the four-part test for granting a temporary injunction which requires a court to conclude that it is likely the plaintiff will prevail in his claims of illegal acts on the part of the defendants, this court makes no determination, leaving this to any further exploration of the issue that the parties may seek to introduce.
It is the conclusion of this court that a Temporary Injunction should not issue. The plaintiff has included in his complaint a count in Quo Warranto which is legally adequate to test the validity of a process that was followed by the defendants or any of them in making the appointment of Kevin Hale as Chief of Police.
The plaintiff suggests that to allow Kevin Hale to assume the Office of Police Chief following a claimed illegal and defective appointment process somehow places the plaintiff in an unfavorable position as regards the prosecution of the count in Quo Warranto. This the court fails to comprehend because incumbency is not a defense to such an action. If the plaintiff succeeds in establishing that Hale illegally occupies the Office of Chief, he will be ousted and the position will again be open for the plaintiff and others to apply for the appointment. See State ex rel.Maisano v. Mitchell, 155 Conn. 256, 264. State ex rel. Gaski v. Basile, CT Page 12909174 Conn. 36, 42.
Accordingly, the court concludes that an essential prerequisite to the issuance of a temporary injunction is lacking and the petition is denied.
BY THE COURT,
George W. Ripley II Judge Trial Referee