Farrell Foundry v. Dart.

## FARREL FOUNDRY *vs.* RUSSELL DART AND ANOTHER.

The rule of construction whereby the operation of a statute may sometimes be judicially extended beyond its words, does not apply, even in the case of a remedial statute, where the words are too explicit to admit of the belief that such an extension of its operation was intended by the legislature.

The act of 1855, validating all " deeds and other conveyances of real estate in this state, which have been executed and acknowledged in any other state or territory in conformity with the laws of such state or territory relative to the conveyance of lands therein situated," does not validate a deed executed in New York, purporting to convey land in this state, and acknowledged in New York before a Connecticut commissioner, but defective, under our laws, by being attested by only one witness,—although a deed so attested, if acknowledged before a proper officer, would be sufficient to convey land situated. in New York; because a Connecticut commissioner has no power, under the laws of New York, to take acknowledgments of deeds of *land situated in that state*, and consequently any deed there acknowledged before him, would not be acknowledged " in conformity with the laws " of New York " relative to the conveyance of lands *therein* situated.

In order to affect a corporation by the knowledge of a fact on the part of one of its directors, it is necessary that he should have such knowledge while acting officially in the business of the corporation, unless he is acting at the time under some special authority conferred on him other than what he would possess as merely one of its directors.

Therefore where a defective deed had been recorded, purporting to convey certain land, and one of the directors of a corporation, not acting as agent of the corporation, and having no management of its business otherwise than as a director, went to the town records for the purpose of ascertaining the situation of the land, and there saw the record of the deed, but did not inform the corporation or any of its agents thereof,—it was held that the corporation was not, by reason of these facts, chargeable with any knowledge of the deed.

BILL in equity to redeem mortgaged premises.

The land in question was situated in Derby in the county of New Haven. The petitioners, a joint stock corporation, had acquired by an attachment and levy of execution, the equity of redemption of the mortgagor, Courtney Schenck, unless a conveyance of the same made by the said Courtney to Peter Schenck prior to the attachment, was valid. The respondents had become the owners by assignment of the mortgage. They also held the interest of Peter Schenck, since deceased, under certain trusts in his will. The attach-

ment of the petitioners was made on the 22d day of November, 1851.

The deed from Courtney Schenck to Peter Schenck was executed on the 25th of October, 1851, in the city of New York, and acknowledged before a commissioner for the state of Connecticut there residing, and was on the 28th day of October recorded in the town of Derby, but was attested by only one witness. The respondents claimed that the deed was validated by the act of 1855, which provides that " all deeds and other conveyances of real estate in this state, which have been executed and acknowledged in any other state or territory, in conformity with the laws of such state or territory relative to the conveyance of lands therein situated, shall be held and deemed to be valid to all intents and purposes, as if the same had been executed and acknowledged in conformity with the laws of this state." By the laws of New York more than one attesting witness is not necessary to a deed of land situated in that state. The laws of that state require an acknowledgment of such a deed before a proper officer, but a commissioner of the state of Connecticut is not empowered to take such acknowledgment, and the deed would have been invalid as a conveyance of land situated in the state of New York.

The respondents claimed further, that if the conveyance was invalid, yet that the petitioners had actual knowledge of its existence, and were therefore affected by it. It appeared that Richard M. Johnson, who was one of the directors of the Farrel Foundry corporation, before the attachment of the land by the petitioners examined the records of the town of Derby for the purpose of ascertaining the condition of the land in question, and at that time saw the record of the deed in question. He was not, however, an acting agent of the company, and had no management of its business except as a director, and he did not inform the company or any of its agents of the existence of the deed until after the attachment.

The superior court found the foregoing facts upon the petition and upon an answer and cross bill filed by the

respondents, and decided that the deed in question was invalid, and that the petitioners were not chargeable with the knowledge of the director; and passed a decree for the petitioners. The respondents thereupon brought the record before this court by motion in error, assigning as errors the decisions of the court upon the two points stated.

*Ingersoll* and *Bristol*, for the respondents.

1. The respondents have the legal title to the premises in question by virtue of their mortgage now sought to be redeemed; they have also an equitable title by virtue of their deed from Courtney Schenck, defectively executed indeed, but made *bona fide* and for a valuable consideration, and of which the plaintiffs, as we claim, had actual notice before the levy of their attachment. We therefore claim,— 1st, that the plaintiffs must show an equity in themselves superior to that of the defendants; 2nd, that the equity of the defendants is superior to that of the plaintiffs, because the latter had actual notice of the deed to Peter H. Schenck before their attachment; and 3d, that the deed was confirmed by the act of 1855. If the equities of the parties are only equal, he who has the legal title must prevail. *Chamberlain* v. *Thompson*, 10 Conn., 243, 250.

2. The plaintiffs are a joint stock corporation. The act declares that the affairs of every such corporation shall be under the care of, and shall be managed by, not less than three directors. Rev. Stat., Tit. 3, Sec. 200. It appears by the record that Johnson, a director of this corporation, after the deed was executed and recorded, and before the plaintiffs attached, went to the town records for the purpose of ascertaining the situation of the property, and there found the deed recorded, and then knew that the property belonged to Peter Schenck. Now, 1st. While we admit that the record of a deed defective in a statute requisite, does not convey constructive notice of the contents of the deed, we claim that when a party has *actual* notice of the contents of such a deed, he is affected by the equitable title conveyed by the deed. *Watson* v. *Wells*, 5 Conn., 468. *Carter* v. *Cham-*

*pion,* 8 id., 549.   *Sumner* v.  *Rhodes,* 14 id., 135.   2d.  The notice to Johnson, before the plaintiff's attachment, was notice to the corporation of which he was a member.   The rule is, that whenever a director of a corporation has notice of a fact affecting the rights of such corporation, while engaged in their business, such notice to him is good notice to the corporation.  *Bank of U. S.* v. *Davis,* 2 Hill, 451, 461. *North River Bank* v. *Aymar,* 3 id., 274.   *Washington Bank* v. *Lewis,* 22 Pick., 24, 31.  *Winchester* v. *Balt. & Susq. R. R. Co.,* 4 Md., 231.   Notice to the agent of a corporation is notice to the principal.   *Conro* v.  *Port Henry Iron Co.,* 12 Barb., 27.   So of a joint agency of several persons, as of the directors of a bank.   *Sandford* v. *Handy,* 23 Wend., 260.   3d. If the director or agent at the time of receiving such notice was dealing with the corporation in his own behalf, or was attempting to defraud the corporation in relation to the subject matter of the notice, or had only a casual notice, or heard only a current rumor while not engaged in the business of the corporation, the corporation is not then affected with such notice to its director or agent; but these are exceptions to the general rule.   *Fulton Bank* v. *N. Y. & Sharon Canal Co.,* 4 Paige, 127.   *Commercial Bank* v. *Cunningham,* 24 Pick., 276.   *Porter* v. *Bank of Rutland,* 19 Verm. 410.   *Seneca Co. Bank* v. *Neass,* 5 Denio, 330.   *Winchester* v. *Balt. & Susq. R. R. Co.,* supra.   *Bank of St. Mary's* v. *Mumford,* 6 Geo. 44.   *Branch Bank* v. *Steele,* 10 Ala., 915.   4th. If Johnson did not communicate to the corporation his knowledge of the existence of the deed, he violated his duty and perpetrated a fraud upon Mr. Schenck.   5th. Whatever is sufficient to put a party upon inquiry, is sufficient to convey notice of all the facts which would have been discovered by such inquiry, if made.

3.  The deed in question was confirmed by the act of 1855. Pub. Acts of 1855, p. 91.   1st. The act is a remedial statute. 2nd. " In the construction of statutes their scope and intention are peculiarly to be regarded, and it matters not that the terms used by the legislature are not the most apt to express its meaning, provided the object be plain and intelligible.

The object once understood, the judges are so to construe an act as to suppress the mischief or advance the remedy." " A remedial act shall be so construed as most effectually to meet the beneficial end in view and to prevent a failure of the remedy." " As a general rule a remedial statute ought to be construed liberally, receiving an equitable or rather a benignant interpretation. The letter of the act will be sometimes enlarged, sometimes restrained, and sometimes it has been said that the construction made is contrary to the letter." Dwarris on Stat., 717, 718. 1 Sw. Dig., 11.

*Baldwin* and *Wooster*, for the petitioners.

1. The petitioners had no notice of the sale of the property by Courtney Schenck to Peter H. Schenck. 1st. The record of a deed defective in a statute requisite, is not constructive notice of its existence to third persons. *Carter* v. *Champion*, 8 Conn., 549. *Heister* v. *Fortner*, 2 Binn., 40. *Isham* v. *Bennington Iron Co.*, 19 Verm., 230. 2nd. Inspection of a deed deficient in a statute requisite, furnishes no actual notice that a *bona fide* sale of the property described in the deed has been made, nor of the existence even of such defective deed, and is not notice such as would bind third persons. 3d. Notice to Johnson was no notice to the petitioners. Johnson was not the agent of the corporation and had not the management of its business. He had only power to consult and act in regular meetings of the directors. He did not inform the corporation or any agent of the corporation of the fact of the defective record. Ang. & A. on Corp., §§ 307, 308. *Fairfield Co. Turnpike Co.* v. *Thorp*, 13 Conn., 173. *Washington Bank* v. *Lewis*, 22 Pick., 24. *Commercial Bank* v. *Cunningham*, 24 id., 270, 276. *National Bank* v. *Norton*, 1 Hill, 578.

2. The deed of Courtney Schenck was not validated by the act of 1855. 1st. It was not " executed and acknowledged" in conformity with the laws of New York, since a commissioner appointed by the governor of this state has no power to take acknowledgments of deeds of lands situated in New York. Pub. Acts 1855, p. 91. 2nd. If the deed in ques-

tion had been within the provision of the act, it would not affect the petitioners' title acquired before the passage of the act in " good faith:" this case is expressly excepted from the operation of the act.

STORRS, C. J. On the general principle of law that real estate must be conveyed according to the laws of the state in which it is situated, the deed from Courtney Schenck to Peter H. Schenck is plainly invalid for the want of the number of attesting witnesses required by the laws of this state in regard to the mode of making such conveyances, unless, as is claimed by the plaintiff in error, it is validated by the 72d chapter of the acts of 1855, which provides that " all deeds and other conveyances of real estate in this state, which have been executed and acknowledged in any other state or territory, in conformity with the laws of such state or territory relative to the conveyance of lands therein situated, shall be held and deemed to be as valid to all intents and purposes as if the same had been executed and acknowledged in conformity with the laws of this state." This claim is, however, in our opinion, clearly unfounded, because the superior court finds that this deed was executed and acknowledged in the state of New York, and that if the land thereby conveyed had been situated therein, it would be invalid according to the laws of that state regarding the conveyance of such land, for the reason that it was not, as those laws require, acknowledged before an officer who was authorized by the laws of that state to take the acknowledgment of conveyances of land situated in that state. It does not therefore come within the description of those conveyances which are confirmed by the act relied on. The rule of expounding statutes referred to by the plaintiff in error, by which they may be sometimes extended beyond their words, does not apply to this case, because it is resorted to only in furtherance of the clear intention of the legislature and where the words of an act are not plain or are doubtful. It is thus expressed by Washington, J. in the case of *U. States* v. *Fisher*, (2 Cranch, 399,)—" Where a law is plain and unambiguous,

whether it be expressed in general or limited terms, the leg islature should be intended to mean what they have plainly expressed, and consequently no room is left for construction but if, from a view of the whole law, or from other laws *in pari materia*, the evident intention is different from the literal import of the terms employed to express it in a particular part of the law, that intention should prevail, for that in fact is the will of the legislature." " Where the terms of an act" says Ld. C. J. Willes, ( *Collehan* v. *Cook*, Willes, 397,) " are doubtful and uncertain, it is proper to enquire what was the intent of the legislature, but it is very dangerous for judges to launch out too far in searching into the intent of the legislature when they have expressed themselves in plain and clear words." (See *Priestman* v. *U. S.*, 4 Dallas, 30, n.) In the act now in question we think that the legislature have used terms which are too plain and explicit to admit of the belief that they intended to confirm any deeds executed in another state, not in conformity with our laws, unless both in respect to their execution and acknowledgment they would by the laws of such state be effectual to convey lands situated there. This disposes of the first question in order which is raised on the assignment of errors in this case.

The other question which it presents is, whether the knowledge of that deed, derived by Johnson from the records of the town of Derby, should constructively be deemed to be notice of it to the plaintiffs. It appears that he was one of the directors of the plaintiff's company, but not an acting agent of it, that he had no management of its business otherwise than as a director, and that he did not inform the company, or any of its agents, of his having seen the record of the deed until after the plaintiffs attached the premises which it purported to convey. On these facts we think that the present is not distinguishable from the recent case of the *Farmers and Citizens Bank* v. *Payne*, 25 Conn., 444, and must be governed by it. That was a suit by the endorsees of bills of exchange against the acceptor, in which it appeared that the bills were drawn in favor of one Greene, and accepted by the defendant for the sole accom-

modation of Greene, and for the purpose of enabling him to pay with their avails certain other bills of exchange which had been previously drawn and accepted in his favor by the same parties, and for his accommodation, and negotiated by him,—that the bills in suit were discounted by the plaintiffs' bank for his benefit and the avails fraudulently appropriated by him for another purpose,—and that when they were so drawn and accepted and until after they were so discounted by and endorsed to the plaintiffs, Greene was a director of the bank,—but that he was not present with the board of directors when they were discounted, and had never communicated to them or any of the officers or agents of the bank, his knowledge of the purpose for which the bills were made. On the claim of the defendant that the plaintiffs were not *bona fide* holders of the bills by reason of the knowledge of such director, we adopted the principle that, in order to affect a corporation by the knowledge of one of its directors, it was necessary that he should have such knowledge while acting officially in its business, unless he was then acting as its agent under and by virtue of some special authority conferred on him other than what he would possess by virtue of his merely being one of its directors, in which case his knowledge while so transacting its business would affect his principal to the same extent as that of any other agent acting in the business in which he is employed. Johnson is found to have had no such special authority, and his knowledge therefore should not be imputed to the plaintiffs.

The result to which we have come on these questions renders it unnecessary to consider the others which have been presented in the case.

The judgment of the superior court is affirmed.

In this opinion the other judges concurred.

Judgment affirmed.