MATTHEW S. ANDERSON ET UX. *vs.* DANIEL COLWELL.

Third Judicial District, New Haven, June Term, 1918.
PRENTICE, C. J., RORABACK, WHEELER, BEACH and SHUMWAY, Js.

The legal nature of a transaction is to be determined by the allegations of the complaint and not by the name the pleader may see fit to give to the transaction.

The fact that a deed, absolute upon its face, was given as security only, may be shown by parol evidence; nor is it material whether the conveyance was made to secure a present debt or future advances.

A deed serves to pass the title to land, but does not express the contract pursuant to which it was given.

The transaction as disclosed by the complaint reviewed and *held* to constitute a plain case of mortgage and not an express trust in lands. (*Two judges dissenting.*)

Argued June 6th—decided August 9th, 1918.

ACTION to secure a reconveyance of real estate alleged to have been made by the plaintiffs to the

defendant by way of security, for an accounting and for other equitable relief, brought to the Superior Court in New Haven County where the plaintiffs were non-suited (*Reed, J.*), and from the refusal of the court to set aside such judgment they appealed. *Error and new trial ordered.*

*George E. Beers*, with whom was *Claude B. Maxfield*, for the appellants (plaintiffs).

*Louis M. Rosenbluth* and *Edwin A. Clark*, for the appellee (defendant).

WHEELER, J. The complaint sets up these facts: Mary E. Anderson was on November 1st, 1913, the owner of three pieces of land with the buildings thereon. She was in need of money with which to make repairs and to pay the sums due on incumbrances on this property; and her husband, Matthew S. Anderson, was also in need of money for use in his business.

Shortly after November 1st, 1913, the said Mary E. Anderson transferred, by conveyance absolute in form, this property to the defendant upon his agreement to make advances to her and her husband, the plaintiffs herein, to engage him to do certain work, to permit them to have possession of these premises and to occupy one of the houses without paying rent until the final adjustment of the account, and to permit the plaintiffs to hold possession of all of this property until about November 1915 or 1916.

In consideration of the promises of the defendant, the plaintiffs agreed to hold this property, keep the charges maturing against it from time to time paid up, keep it in repair and collect the rents, preserve an accurate account of all receipts and disbursements made on account of it, and to pay for the house and barn, occupied as a home by them, at a named rent.

The parties to this agreement mutually agreed that in about two or three years from November 1st, 1913, they would strike a balance, and the amount due according to this balance was to be paid, and thereupon the defendant was to transfer to the plaintiff Mary E. Anderson this property transferred by her to him.

The plaintiffs are indebted to the defendant:—

| | |
|---|---:|
| For balance due on rent, | $ 566.00 |
| For cash received from defendant for material and labor, | 1,345.82 |
| For amounts paid by the defendant upon incumbrances not to exceed | 1,800.00 |
| In all, | $3,711.82 |

The defendant is indebted to the plaintiffs:—

| | |
|---|---:|
| For work and material furnished by Matthew S. Anderson, | $3,389.17 |
| For amount agreed to be paid for the transfer of a mortgage on property on Peck Avenue, | 750.00 |
| For acquiring title to said property, | 50.00 |
| In all, | $4,189.17 |
| Leaving a balance due upon this account in favor of the plaintiffs, of | $478.35 |

The plaintiffs have carried out their part of this agreement and demanded an accounting and a reconveyance of this property, and have offered to pay any balance found due.

The defendant has, in violation of his agreements, brought an action of summary process to recover possession of these premises.

The plaintiffs pray for a revesting of the title to these premises in them; for an accounting; and for a judgment for the amount due on the accounting.

The defendant, in his answer and counterclaim, claims a balance due of $1,378.70, and prays judgment for $1,500.

Upon the trial the plaintiffs introduced in evidence the deeds effecting these transfers; they were quitclaim deeds, absolute on their face, and expressed to be for a valuable consideration. Thereupon the plaintiffs inquired of the witness Matthew S. Anderson, what was said at the oral interview as a result of which these transfers were made. This conversation the defendant objected to, as an attempt (1) to establish a trust in real estate by parol; (2) to vary by parol the terms of an absolute deed expressed to be for a valuable consideration; (3) to vary the terms of a written instrument, when there was no allegation in the complaint of fraud, accident or mistake in its procurement, by a conversation which occurred prior to its execution. The plaintiffs claimed the evidence "to show that the transaction was really a mortgage and not an absolute transfer." The evidence was excluded.

The plaintiffs moved to amend the complaint by substituting the word "mortgage" for "trust" and "mortgagee" for "trustee" in the complaint, wherein it was alleged that the conveyance was in fact upon the "trust" described in the foregoing agreement. The motion was denied.

Thereafter the witness Matthew S. Anderson was inquired of: "After this first conveyance was made to Mr. Colwell, did you do certain work for Mr. Colwell on his property?" "At the time that you made the transfers to Mr. Colwell, did you owe Mr. Colwell any money at that time? A. No, sir." "After these transfers were made was any money paid by Mr. Colwell on your account or any expenses incurred for you?" All of this evidence was excluded.

These rulings are assigned as error and are the basis

of the appeal. If they are correct, the denial of the motion to set aside the nonsuit was not erroneous.

The disallowance of the amendment was proper. The character of the transaction was determined by the allegations of the complaint and not by the characterization of the pleader. The duty of the court was to examine these allegations and ascertain what the transaction amounted to, and whether it described a "trust" or a "mortgage."

The court excluded the oral evidence upon the objections made by the defendant, and upon the further ground that, although parol evidence might have been admitted had the mortgage been one to secure a present debt, this rule was not applicable in a case such as this was claimed to be, where the mortgage was to secure future advances. There is no difference in the rule, whether the mortgage was given to secure future advances or a present debt. *Matz* v. *Arick*, 76 Conn. 388, 391, 56 Atl. 630; *Weissman* v. *Volino*, 84 Conn. 326, 80 Atl. 81.

As early as *French* v. *Burns*, 35 Conn. 359, 363 (1868), we said: "The rule that an absolute deed, if intended as a security for a debt, is to be regarded as a mortgage, is too well known to require the citation of authorities in support of it." In *Williams* v. *Chadwick*, 74 Conn. 252, 255, 50 Atl. 720, we said: "But a conveyance, absolute in form, will in equity be regarded as a mortgage, when the facts show that the real transaction is a transfer of property merely to secure the payment of a debt." The test to be applied is: "Was the conveyance in fact made as security for some debt?" *Fosdick* v. *Roberson*, 91 Conn. 571, 575, 100 Atl. 1059; *French* v. *Burns*, 35 Conn. 359. The deed of land evidences the intention to pass title and does not express the contract pursuant to which the deed was given. *Lynch* v. *Moser*, 72 Conn. 714, 719, 46 Atl. 153; *Lovell* v.

*Hammond Co.*, 66 Conn. 500, 510, 34 Atl. 511. The consideration of the deed serves to prevent a resulting trust in favor of the grantor. It may be shown by parol, and this evidence is not limited to cases involving fraud, accident or mistake. 1 Jones on Mortgages (7th Ed.) § 286.

The defendant meets the contention that these deeds, though absolute on their face, were in fact mortgages, by claiming, first, that it nowhere appears in the evidence or finding that the court made such a ruling. This is inaccurate; it so appears in the printed record, and also in the record of the court of which the printed record is a part. Secondly, the defendant claims that the evidence of the agreement could not be proved by parol, since the purpose is to secure a transfer of lands held under an express trust and in the absence of allegations of fraud, accident or mistake. We have seen this was not the purpose of the plaintiffs; their purpose was to show that the transaction alleged, which they attempted to prove, was a mortgage, and therefore it was permissible to prove that the deed though absolute on its face was in fact a mortgage. The transaction as disclosed in the complaint must decide whether it was a mortgage. Mrs. Anderson concededly transferred three pieces of real estate to the defendant, and these were incumbered with mortgages, and she and her husband agreed to continue in the possession of these premises, to pay the charges maturing upon these premises, keep them in repair, collect the rent, and keep an accurate account of all receipts and disbursements, and to pay a named rental for the house occupied by them at the final accounting between the parties. And in consideration of these transfers and of these agreements, the defendant agreed to make certain advances to the plaintiffs, to engage Mr. Anderson to do certain work, to permit plaintiffs to hold

Anderson *v.* Colwell.

possession of these premises, and to occupy one of the houses without paying rent until the final accounting between the parties at a time about two or three years distant. No other purpose for these transfers is disclosed save the advances promised to be made and the work promised to be given. Whether the defendant had in fact made advances or not, would not change the character of this transaction. It was a transfer to secure the payment of advances promised to be made and to secure contracts for work to be given.

This is a plain case of a mortgage. It would be an unwholesome and unknown sort of equity which would permit one to obtain a transfer of valuable real estate upon a promise to make advances and subsequently, upon their repayment, to retransfer, and then upon failure to make the advances refuse to compel a retransfer. But this is not that case. Here the defendant did make advances by paying certain mortgages upon these premises, and for these the plaintiffs agreed to account. And if the technical rule which the defendant sought to have enforced had prevented the plaintiffs from securing a retransfer, the facts alleged would have made imperative the accounting which the parties are alleged to have agreed to make.

All of this evidence was clearly admissible upon either ground.

There is error, the judgment is set aside and a new trial ordered.

In this opinion RORABACK and SHUMWAY, Js., concurred.

BEACH, J. (dissenting). I think the opinion, although it follows the record, is mistaken in saying that the plaintiffs agreed to hold the property, keep the charges against it paid up, keep it in repair, and

Anderson *v.* Colwell.

collect the rents. The other allegations of the complaint and the plaintiffs' brief show that the word "defendant" should be substituted for "plaintiff" in the second sentence of the fourth paragraph of the complaint.*

As I understand it, the case tried to the court was one in which the defendant was in possession under an absolute deed, and the grantor offered to prove a contemporaneous parol agreement to reconvey two or three years from date, on the theory that the transaction alleged in the complaint was in effect a mortgage.

The complaint, however, alleges an agreement under which the defendant, the alleged mortgagee, was to be paid an agreed rental by the plaintiffs for a part of the premises, and was also to be charged with the cost of keeping all the premises in repair. This seems to me utterly inconsistent with the theory that the defendant was merely a mortgagee. And the practical result of the account stated is that the defendant, who is supposed to have become a mortgage creditor to the extent of $1,800 by paying off mortgages (which he must have paid, in any event, for his own protection), is to have this credit more than cancelled by a charge of some $2,000 for repairs on the alleged mortgaged premises.

I cannot see how such a pleading can be treated as a bill to redeem.

In this opinion PRENTICE, C. J., concurred.

---

* The sentence referred to reads as follows: " The plaintiff was to hold said property, to keep the charges against it maturing from time to time paid up, keep it in repair and collect the rents, preserving an accurate account of all receipts and disbursements on account of said property." ·