JOHN A. C. COLE ET AL. *v.* RUTH STEINLAUF

WYNNE, C. J., BALDWIN, DALY, KING and MURPHY, Js.

Argued October 2—decided November 26, 1957

*Abner W. Sibal,* for the appellants (plaintiffs).

*Robert A. Slavitt,* for the appellee (defendant).

WYNNE, C. J. There is no dispute as to the facts. The case presented a single question of law. It appears from the finding that it was submitted on the pleadings. The only evidence was the deed which was part of the defendant's chain of title. The plaintiffs and the defendant entered into a contract for the sale of real estate situated in Norwalk. The plaintiffs were named as purchasers and the defendant as seller. The contract provided that if the seller was unable to convey title to the premises free and clear of any defect of title, the purchasers had

the option of rejecting the seller's deed. In the event of such a rejection, all sums paid on account, together with reasonable fees for the examination of the title, were to be repaid to the purchasers. The plaintiffs paid the defendant $420 as a deposit when the contract was executed. They engaged an attorney to examine the title before the closing date of July 1, 1955. The attorney discovered that a deed had been executed in New York on October 22, 1945, to a predecessor in title of the defendant. It appears from the deed that it ran to the grantee "and assigns forever." No mention was made of "heirs" as would be customary and necessary in a fee simple conveyance made in Connecticut. The plaintiffs refused to accept the defendant's deed on the ground that the 1945 deed did not mention the heirs of the grantee. They made demand upon the defendant for a return of the $420 deposit plus expenses for the search of the title, which it was stipulated amounted to $50. The demand was refused, and the instant suit was thereafter brought.

The trial court found the issues for the defendant, holding that General Statutes § 7087 validated the 1945 deed and that the claimed defect in it did not render the defendant's title unmarketable. This result was reached on the theory that the 1945 conveyance was in law a conveyance of the full fee.

The issue for determination is whether the 1945 deed operated to convey the totality of the fee to the grantee without a flaw or defect which would render the title offered to the plaintiffs unmarketable. To create an estate of inheritance in land by deed, it is necessary to use the word "heirs." *Chappell* v. *New York, N.H. & H.R. Co.*, 62 Conn. 195, 202, 24 A. 997. Where the common-law rule is in effect, as it is in Connecticut, a grant to a grantee "and his assigns

forever" vests only a life estate in the grantee. 19 Am. Jur. 474. A deed can be reformed to vest a fee in a grantee where the word "heirs" is omitted if it can be determined from the clearly expressed intent of the parties that a fee was intended. *Chamberlain* v. *Thompson,* 10 Conn. 243, 253. It is impossible to determine the intent of the parties to the 1945 conveyance in this proceeding, for the reason that the necessary parties are not all before the court. It was not the function of the trial court to try the title. Rather, it was to determine whether the title offered was free from reasonable doubt, in law or in fact. *Frank Towers Corporation* v. *Laviana,* 140 Conn. 45, 53, 97 A.2d 567.

Another relevant factor is the fact that a title searcher must make his analysis of a title from the information appearing of record. The inquiry in the present case, therefore, should be whether the alleged defect in title is one which leaves the record title free from reasonable doubt or, on the contrary, is one which puts a purchaser to the test of proving intent from sources outside the record.

A deed purporting on its face to have been attested in another state, in the absence of anything in it to the contrary, will be deemed, prima facie, to have been executed, acknowledged and delivered in that state, thus making General Statutes § 7087 prima facie applicable. *New Haven Trust Co.* v. *Camp,* 81 Conn. 539, 542, 71 A. 788. The effect of § 7087 is to provide that a deed purporting to convey land in Connecticut, if executed and acknowledged in, and according to the laws of, a foreign state, will be treated as validly executed and acknowledged even though the execution and acknowledgment may not be in conformity with the law of Connecticut. See *Farrel Foundry* v. *Dart,* 26 Conn. 376, 380. But

this has nothing to do with the estate, if any, created by the deed. The effect of the statute is limited to curing defects in the form or manner of execution or acknowledgment.

It may well be that under established principles of private international law, it is presumed, in the absence of evidence to the contrary, that if both parties to a deed are domiciled in the state of its execution, it was their intention that its operative effect would be that accorded its language in that state, even though it was a conveyance of land in another state. *New Haven Trust Co.* v. *Camp,* supra, 543. But § 7087 does not bring about such an operative effect. If it did, there would have been no occasion to base the decision in the *Camp* case, supra, on private international law. It could have been placed squarely on the statute.

Here, the deed objected to on its face conveyed only a life estate under our law, although it would convey a fee simple under the law of New York. Whether in a court action the deed could be construed as conveying a fee simple would depend, not upon § 7087, but upon the law of *Chamberlain* v. *Thompson,* supra, and *New Haven Trust Co.* v. *Camp,* supra. Whether the proof which would be essential in order to apply the law of those cases would be available is uncertain. In any event, we are not concerned with the actual estate conveyed but with the marketability of the title.

However far the cases cited by the defendant may go in proving that the title conveyed was a fee simple, that is not the issue. It is not whether the property was in fact the defendant's to convey absolutely, but whether there is enough doubt in the chain of title to bring the plaintiffs up short and make them think twice before buying a lawsuit at a

future time to determine title. Perhaps the court at a future time would find good title, but the plaintiffs do not have to gamble on that. The defendant quotes the case of *Frank Towers Corporation* v. *Laviana,* supra, 52, for the proposition that a marketable title is one that could be mortgaged to a person of reasonable prudence as security for the loan of money. Considering the standards of title used by the lending institutions of this jurisdiction, would any of them lend money on the security of this piece of property, the face of the record being what it is? Would they be bound to go behind the land records and try to predict what a court would do if the issue of title arose in a subsequent proceeding? Although it seems a bit harsh to say a title is unmarketable because of the absence of two words in a deed twelve years old, where the rest of the deed is so unmistakably the conveyance of an estate in fee, it would put the plaintiffs to an intolerable burden at a future time to make them prove the intent of a prior grantor. The trial court erred in treating this as a title problem rather than as one to determine whether the plaintiffs were justified in refusing to take a chance on the title as revealed on the face of the Norwalk town records. It cannot be said that this title was marketable under our rule.

There is error, the judgment is set aside and the case is remanded with direction to render judgment for the plaintiffs for $470 and costs.

In this opinion DALY, KING and MURPHY, Js., concurred.

BALDWIN, J. (concurring). I agree in the result reached by the majority but am not in complete accord with all of the reasoning by which they reach it. I would prefer to rest the decision upon the follow-

ing grounds. At common law, in order to convey to a natural person a title in fee simple in real property, the document must run from the grantor to the grantee and "his heirs." 2 Thompson, Real Property (Perm. Ed.) § 734; 7 id. § 3534; 1 Tiffany, Real Property (3d Ed.) § 28. If the word "heirs" does not appear in the premises of a deed, it must appear in the habendum. 1 Swift's Digest, pp. 77, 122; see *Chappell* v. *New York, N.H. & H.R. Co.*, 62 Conn. 195, 202, 24 A. 997; *Loomis* v. *G. F. Heublein & Bro.*, 91 Conn. 146, 150, 99 A. 483. In the instant case, the deed in the defendant's chain of title runs only to the grantee and his assigns and for that reason is insufficient upon its face to convey a title in fee simple in lands located in this state.

The defendant agreed to convey a title free of defects and incumbrances, with certain specific exceptions. The question is whether the omission of the word "heirs" in the deed in question is such a defect as rendered the title unmarketable and therefore justified the plaintiffs' refusal to accept it. The defendant claims that, the deed having been drawn and executed according to the laws of the state of New York, it is sufficient because it is adequate under the New York statutes to pass an estate in fee simple in lands located in that state. See N.Y. Real Prop. Law §§ 240, 245. That being so, she asserts, the deed is good in Connecticut by virtue of General Statutes § 7087.

General Statutes § 7085 provides for the manner in which a deed of land in this state shall be signed, attested and acknowledged. It contains nothing, as do the statutes of many states, concerning the words necessary to convey any particular estate. See 7 Thompson, Real Property (Perm. Ed.) § 3534, p. 22, n.14. Section 7087, upon which the defendant relies, supplements § 7085 but goes no further than to pro-

vide that if a deed drawn in a foreign state for the purpose of conveying lands in Connecticut is signed, attested and acknowledged according to the laws of that state, it meets the requirements for signature, attestation and acknowledgment in this state. The statute does not purport to deal with the nature or extent of the estate which the deed purports to convey. It does not obviate the defect claimed to exist in the case at bar.

While this deed in the defendant's chain of title may be at law inadequate upon its face to convey a fee simple estate in real property located in Connecticut, nevertheless the true intent of the parties to convey such an estate may be shown in equity. *Anderson* v. *Colwell,* 93 Conn. 61, 65, 104 A. 242; *Chamberlain* v. *Thompson,* 10 Conn. 243, 252. The province of the court in the instant case, however, was not to try a question of title but only to determine whether the title offered by the defendant was unmarketable, thereby furnishing a valid excuse for the refusal of the plaintiffs to accept it. *Frank Towers Corporation* v. *Laviana,* 140 Conn. 45, 53, 97 A.2d 567. No doubt a determination whether the parties to the deed in question intended that it should convey an estate in fee simple could be made in some appropriate action. Until that determination is made, the title offered by the defendant is sufficiently questionable to make it unmarketable and to justify the plaintiffs in refusing to accept it.