FRANCIS J. LEVEILLE ET AL. v. ZONING BOARD
OF APPEALS OF THE TOWN AND CITY
OF MERIDEN ET AL.

DALY, C. J., BALDWIN, KING, MURPHY and MELLITZ, Js.

Argued June 6—decided July 17, 1958

*Samuel H. Platcow,* with whom was *Francis R. Danaher,* for the appellants (defendants The International Silver Company et al.).

*Joseph P. Patrucco,* for the appellees (plaintiffs).

KING, J. John Humphries owns a lot on the southerly side of West Main Street in Meriden. The rear of this lot abuts a portion of Insilco Field, an irregularly shaped tract of land of over seven acres owned by The International Silver Company, hereinafter referred to as International. The Humphries lot lies between the main portion of the field and the south side of West Main Street. A narrow strip of land which is a part of the field extends to West Main Street and affords an entrance way to the main portion. A similar strip leads from the west side of the field to another street. When zoning became effective in Meriden in 1927, the area in question, including properties along West Main Street, was placed in a residence zone. Insilco Field was then, as it is today, an athletic field where games and contests were held to which the public was admitted for a fee. Concessions for soda, candy and similar items were conducted on the field. On the adoption of zoning, the field became a nonconforming use and has continued as such, except that an unascertainable portion was placed in a commercial zone in 1950. In that year the court of common council, which in Meriden is the zoning commission, changed the zoning of "the property fronting on both sides of West Main Street," in the area in question, from residence to commercial "to permit the establishment of other businesses and to conform to the preponderant use of properties in the area which is commercial." No depth of zone was given in this regulation. Depending upon the depth of the zone change, part or all of the Humphries property became zoned for commercial uses. The same is true of the strip of land running from the main portion of Insilco Field to West Main Street.

International is now engaged in erecting a new

manufacturing plant which, inter alia, will include an athletic field. Since Insilco Field will no longer be of use to International, it desires to sell it. A substantial offer has been made on the condition that the field will be available for a shopping center. On October 1, 1956, the court of common council rejected a petition of Humphries and International to have their entire respective properties definitely placed in a commercial zone. From this action no appeal was taken. On December 17, 1956, the zoning board of appeals held a hearing on a joint application of Humphries and International for a variance to permit the use of their properties for commercial purposes in order to allow the shopping center.

On February 11, 1957, the board unanimously granted the variance. It gave as its reasons: (1) A portion of the property had been changed to a commercial zone in 1950. (2) The balance of the property fronts on a commercial zone. (3) The granting of the variance would not be detrimental to the general neighborhood. (4) The variance conforms to the present use. The plaintiffs appealed from the action of the board to the Court of Common Pleas, which sustained the appeal. From this judgment Humphries and International have appealed to this court.

It is apparent from the memorandum of decision that the court determined that a variance can be granted under the Meriden zoning ordinances only where there is a showing of practical difficulties or unnecessary hardship; that purely financial considerations such as the loss of a potential sale cannot constitute practical difficulties or unnecessary hardship within the rule; that in fact purely financial considerations constituted the only practical difficulties and unnecessary hardship before the board of

appeals; and that consequently its action was illegal. If the court were correct in assuming that the only practical difficulties or unnecessary hardships present were financial, there would be no error in its decision. *Devaney* v. *Board of Zoning Appeals*, 132 Conn. 537, 542, 45 A.2d 828; *Lindy's Restaurant, Inc.* v. *Zoning Board of Appeals*, 143 Conn. 620, 623, 124 A.2d 918, and cases cited therein.

No evidence of any kind was introduced before the court. It cannot summarily disregard the reasons given by the board for the action taken and substitute reasons of its own. *Couch* v. *Zoning Commission*, 141 Conn. 349, 359, 106 A.2d 173; *Suffield Heights Corporation* v. *Town Planning Commission*, 144 Conn. 425, 428, 133 A.2d 612. From the reasons given by the board, it appears that it was influenced by the well-nigh impossible situation created by the 1950 zone change whereby properties on West Main Street were placed in a commercial zone of unascertainable depth. This change left at least a large portion of Insilco Field zoned for residence but shut off from West Main Street by property open to, and in large part occupied by, commercial enterprises. Such a situation fortified the testimony before the board that the field is not now usable for residence purposes and is adapted only for commercial uses. This is obvious from an examination of the map of the area. It shows that the field is an inside tract of land accessible from the public highway only over the two necks of land previously mentioned. The uncertainty as to what portions of the properties of Humphries and International were placed in a commercial zone in 1950 practically destroyed their salability by rendering the title of each property unmarketable. See *Cole* v. *Steinlauf*, 144 Conn. 629, 633, 136 A.2d 744. The reasons given by the board are

consistent with a reasonable belief on its part that this uncertainty also constituted a practical difficulty and unnecessary hardship. *Plumb* v. *Board of Zoning Appeals,* 141 Conn. 595, 601, 108 A.2d 899.

Under the peculiar circumstances of this case, the refusal of the court of common council, in October, 1956, to grant an outright change of zone or even to clarify the boundaries of the zone change of 1950 did not necessarily deprive the board of appeals of the power to grant the variance. The board was not reversing any decision it had made. And the considerations authorizing the granting of a variance are not identical with those authorizing an outright zone change. *Suffield Heights Corporation* v. *Town Planning Commission,* 144 Conn. 425, 430, 133 A.2d 612. So far as it appears, the zoning regulations as a whole constituted the comprehensive plan. *Couch* v. *Zoning Commission,* 141 Conn. 349, 354, 106 A.2d 173. No hardship came from the basic, over-all plan of zoning, nor is the variance authorized out of harmony with that plan. The hardship was created by the change of zone in 1950. No misconduct of Humphries and International, intentional, reckless or negligent, had contributed to the creation of the hardship. See *Misuk* v. *Zoning Board of Appeals,* 138 Conn. 477, 481, 86 A.2d 180.

Obviously, every property owner is entitled to be able to ascertain in what zone or zones any portion of his property lies. *Kimberly* v. *Madison,* 127 Conn. 409, 414, 17 A.2d 504; *State* v. *Huntington,* 145 Conn. 394, 399, 143 A.2d 444. The failure, however, of the 1950 regulation adequately to describe the zone boundaries does not ipso facto make the regulation a nullity so that it can be entirely disregarded and therefore be eliminated as a source of practical difficulty or unnecessary hardship in this case. *Kim-*

*berly* v. *Madison,* supra. Nor does the recent case of *State* v. *Huntington,* supra, support such a position. In that case, the defects in the purported zoning ordinance were not confined to ambiguity in the description of zone boundaries. There was also a complete failure to make the zones conform to anything except current use, thereby precluding the successful interposition of any claim that the regulations as a whole constituted a comprehensive plan. It was this latter feature which distinguished the case from ones such as *Kimberly* v. *Madison,* supra, in which zoning regulations were not held to be a nullity even though the zone boundaries were so inadequately described that a declaratory judgment action was required to determine whether property was in a given zoned area. Furthermore, in the present case, the actual nonresidential use of the properties along West Main Street was an independent reason given by the board of appeals for its action, apart from the 1950 zone change. *Libby* v. *Board of Zoning Appeals,* 143 Conn. 46, 51, 118 A.2d 894.

On this state of affairs, it cannot be said that the board could not legally have determined, as in effect it did, that the variance granted was in harmony with the comprehensive plan of zoning as it existed in Meriden and that adherence to the strict letter of the zoning regulations—if indeed adherence was possible in view of the ambiguity in the 1950 action—would impose on Humphries and International difficulties and hardships unnecessary in order to carry out the comprehensive plan. *Delaney* v. *Zoning Board of Appeals,* 134 Conn. 240, 244, 56 A.2d 647.

Since the action of the board of appeals could be found to be a reasonable exercise of its discretion and in conformity with our rule as to the power to

grant a variance, the court was in error in sustaining the appeal. *Devaney* v. *Board of Zoning Appeals,* 143 Conn. 322, 326, 122 A.2d 303; *Suffield Heights Corporation* v. *Town Planning Commission,* 144 Conn. 425, 427, 133 A.2d 612.

There is error, the judgment is set aside and the case is remanded with direction to dismiss the appeal.

In this opinion DALY, C. J., BALDWIN and MELLITZ, Js., concurred.

MURPHY, J. (dissenting). I am obliged to dissent from the majority opinion because the record does not show any practical difficulty or unnecessary hardship with respect to these properties that would warrant a variance. In the absence of any depth to the commercial zone that was attempted to be established on West Main Street in 1950, that action would appear to be a nullity. *State* v. *Huntington,* 145 Conn. 394, 400, 143 A.2d 444. If this is so, a portion of the subject properties was not changed to a commercial zone in 1950, and the balance would not be fronting on a commercial zone. Therefore two of the reasons advanced by the zoning board of appeals for granting the variance would fall. The other reasons are insufficient to warrant the change.

I feel that the appeal should be sustained.