HOSPITAL ADMINISTRATOR *v.* ANONYMOUS (1979–5)*

SUPERIOR COURT

HIGGINS, J.   The defendant, a minor, has been committed and confined to a state mental hospital as an involuntary patient for approximately eleven months.   The commitment order was entered by the Probate Court pursuant to General Statutes §§ 17-178 and 17-183, as amended.

The issue in this appeal by the defendant raises the central, core question as to the jurisdiction of a court of probate to hear commitment matters involving children or youth in view of the apparent grant of original, exclusive jurisdiction over such matters to the Superior Court for juvenile matters (formerly the Juvenile Court) by virtue of General Statutes § 46b-121.

This elementary question has been raised in prior cases in different probate districts in this state and with differing results.   Some courts of probate have granted pleas in abatement and have dismissed petitions such as the one here on appeal, while some courts of probate have entertained them and retained jurisdiction.   The whole area is presently under study by at least one state legislative commission and by one or more private study groups.   There is pending litigation in the United States District Court for the district of Connecticut that raises a

---

* Thus entitled, in view of the subject matter of the case.

similar issue. It is, of course, a basic tenet of Connecticut law that "once the question of lack of jurisdiction is raised it must be disposed of regardless of the form of the motion." *East Side Civic Assn.* v. *Planning & Zoning Commission,* 161 Conn. 558, 560. Thus, the motion for summary judgment presently before this court properly presents this jurisdictional issue to this court for disposition.

Jurisdiction over "the commitment of a mentally ill person to a hospital for mental illness" has been vested in the Probate Court. General Statutes § 17-177. From this general class of mentally ill persons, however, the legislature has carved out an exception, a class of persons known as children and youth. "Child" means any person under sixteen years of age; "youth" means any person sixteen to eighteen years of age. General Statutes § 46b-120. The legislature has granted to the Superior Court for juvenile matters exclusive, original jurisdiction over juvenile matters which "include all proceedings concerning uncared-for . . . children and youth . . . but does not include matters of guardianship and adoption or matters affecting property rights of any child or youth over which the probate court has jurisdiction." General Statutes § 46b-121.

"[*A*] *child or youth may be found 'uncared for'* who is homeless or *whose home cannot provide the specialized care which his physical, emotional or mental condition requires."* General Statutes § 46b-120. (Emphasis added.) When a child has been found to suffer from any condition that requires involuntary commitment to a hospital for mental illness, that such a child falls within the foregoing statutory definition of "uncared for" is obvious.

The court also notes that § 46b-121 carefully contains some exceptions in its grant of jurisdiction over children and youth to the Superior Court.

Within the carefully defined limits of those matters reserved to probate jurisdiction with respect to children and youth, notable in its absence is the reservation of mental health commitment power over children and youth.

It has long been the law in Connecticut that apparent conflicts in statutes covering the same subject matter should be construed in a manner which harmonizes the statutory language so as to make one consistent body of law. *Cicala* v. *Administrator*, 161 Conn. 362. Statutory language is to be read with its direct and natural meaning. *Farrell Foundry* v. *Dart*, 26 Conn. 376. Specific terms covering a given subject matter prevail over general terms of another statute which might otherwise be controlling. *Institute of Living* v. *Hartford*, 133 Conn. 258, 270.

There are two provisions in Connecticut law covering this general subject matter of commitment of mentally ill persons. They can and should be construed in harmony. The courts of probate have jurisdiction to hear commitment matters involving mentally ill adults, i.e., persons eighteen years of age and older; the Superior Court for juvenile matters has exclusive original jurisdiction over mentally ill children and youth. This construction is in harmony, also, with the general statutory plan granting to the Superior Court for juvenile matters generalized jurisdiction over neglected, dependent, abused and delinquent children, and it utilizes further the jurisdictional capacity of this court to make any and all orders necessary for the welfare of the child.

The public policy of this state as additionally enunciated is to protect children whose health and welfare may be adversely affected through injury or neglect, to strengthen the family and to make the home safe for children by enhancing the parental

capacity for good care. General Statutes § 17-38a. The parents are necessary parties to proceedings in the Superior Court for juvenile matters. In Probate Court proceedings they are not included as necessary parties. Therefore, this construction of the jurisdictional statutes harmonizes with the aforegoing public policy outlined in General Statutes § 17-38a.

The motion of the defendant herein for summary judgment is granted. Accordingly, it is the judgment of this court that the courts of probate are without jurisdiction to entertain and determine matters, such as herein contained, involving the mental health commitment of children or youth. Therefore, the order of the Probate Court committing this minor is null and void for lack of jurisdiction. The plaintiff hospital administrator is hereby ordered to release and discharge the minor from this illegal order of confinement within five days hereof unless within the five-day period a petition shall have been filed in the appropriate Superior Court for juvenile matters seeking the authority to continue to hold the minor in an involuntary, in-patient mental hospital commitment status.