[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 I
This is an appeal from a decision of the Zoning Board of CT Page 13354 Appeals ("ZBA") of the Town of Madison denying the plaintiff's application for a variance.
The Plaintiff, James R. Leva, is the owner of property known as 29 Linden Lane in the Town of Madison. This property is located in an "R-2" Zone. On or about December 16, 1997 the plaintiff applied to the defendant ZBA for a variance from the front yard requirements of Section 3.6(f) and 2.10 of the Regulations of the Zoning Board of Appeals (the "Regulations"), the area of coverage requirements of Section 3.6(d) and the minimum setback requirements from critical coastal resource areas of Section 2.17 of said Regulations, to allow enclosure of a deck for which a previous variance had been granted.
A public hearing on said application was held on January 6, 1998, following which the ZBA voted to deny the application on the grounds, first, that the applicant had not demonstrated sufficient hardship, and, second, that granting the variance requested would have a negative impact on the neighborhood. Notice of the defendant ZBA's decision was published on or about January 14, 1998. This appeal followed. A hearing on this appeal was held on July 28, 1998, at which the plaintiff was found aggrieved, for purposes of taking an appeal.
 II
As indicated, a deck had previously been constructed on the plaintiff's premises, as permitted by a variance issued by the defendant ZBA. Subsequently, the plaintiff applied to enclose the said deck, but withdrew his application before the ZBA acted on it, and proceeded to construct the enclosure without a variance. The Madison zoning enforcement officer ("ZEO") thereupon, on October 1, 1997, issued a cease and desist order. The plaintiff chose not to appeal the ZEO's cease and desist order pursuant to Regulations, Section 13.3.1, but rather applied for the variance at issue.
 III
In an R-2 district the Regulations provide minimum yards of 40 feet for a front yard; 50 feet for a rear yard and 20 feet each for side yards, Regulations, Section 3.6(f). However, for lots on narrow streets, as is the case here, the required front yard shall be increased by one-half the difference between 50 feet and the actual width of the street It is undisputed that CT Page 13355 Linden Lane is narrower than 50 feet in width and that the provisions of Regulations, Section 2.10, Lots on Narrow Streets, apply.
Regulations, Section 3.6, Building Regulations — R2 District, provides: "(d) Maximum building coverage, all buildings: 10%."
Regulations, Section 2.17, provides: "A minimum setback of 50 feet from critical coastal resource areas as defined in Section 19.9 of the Regulations is required for all buildings except accessory buildings, building additions that do not increase building coverage or uncovered decks."
The plaintiff sought variances to allow a front yard variance of 18.5 feet, area coverage of 11.23% and 47 feet from critical coastal resources.
 IV
The plaintiff claims the reason he sought the variance was that the zoning enforcement officer was unable correctly to interpret the pertinent regulations, by virtue of their ambiguity.
The plaintiff applied for a front yard variance of 18.5 feet, but now argues he does not need such variance, since Regulations, Section 19.28 defines a front yard as [a]n open space between the building and the front line; Section 19.4 defines a building as [a] man-made object, including . . . decks"; since he already had received a variance to construct the deck, plaintiff argues, and was not increasing the size of the deck, enclosing said deck was not constructing a building for which another variance was required.
Similarly, the plaintiff applied for an area of coverage variance of 11.23% but now argues he does not need such variance. Regulations, Section 3.6(d) provides: Maximum building coverage, all buildings 10%, Section 19.5 defines building area as: "The ground area covered by all buildings together with the area of all covered porches and other roofed portions." Since enclosing the existing deck does not increase the ground area covered, no variance in the building coverage percentage allowed by Section 3.6(d) was necessary, plaintiff argues.
Finally, while he applied for a variance from the minimum CT Page 13356 setback requirement of 50 feet from critical coastal resource areas of Section 2.17, the plaintiff now argues that such variance was not needed, since the deck, under Section 19.4, was a "building" for which the plaintiff "already had a legally nonconforming use (sic) as the result of his previous variance." "But Section 2.17 reads, in pertinent part: "A minimum setback of 50 feet from critical resource areas . . . is required for all buildings except accessory buildings, building additions that do not increase building coverage or uncovered decks." (emphasis added).
The plaintiff surmises that the ZEO based his conclusion that the plaintiff was out of compliance with the regulations upon the provision in the definition of building area, that includes in the calculation of building area, "covered porches and other roofed structures" and, therefore, that the converse must be true: uncovered decks are not to be included and covered decks are to be included. Plaintiff argues that such a conclusion by the ZEO, though erroneous, is understandable because of the ambiguity.
 V
The plaintiff argues that the zoning regulations are "blatantly ambiguous," such that the ZEO was unable to interpret the said regulations and that the ZBA, in failing to find a hardship by virtue of the "manifest" ambiguity of the regulations acted arbitrarily and abuse of its discretion.
It is clear that the plaintiff never asked the ZBA to make such a finding.
A request for a variance asserts that the ordinance in question prohibits the proposed use and seeks relief from the requirements of the ordinance. In contrast, a challenge to a zoning officer's application of an ordinance asserts instead that the ordinance does not prohibit the proposed use, Wnuk v. ZoningBoard of Appeals, 225 Conn. 691, 697.
In his application for variance, the plaintiff stated that the legal hardship on which he based his application was: "Undersized lot created prior to enactment of Zoning Regulations. Undersized width of highway created prior to Regulations requires front yard setback." CT Page 13357
After hearing, the defendant ZBA voted to deny the subject application on the grounds that there was no hardship shown and that granting the variance requested would have a negative impact on the neighborhood.
 VI
Under Regulations, Section 13.3.3, which tracks General Statutes, Section 8-6(3), the ZBA has the power: "To determine and vary the application of provisions of these regulations in harmony with their general purpose and intent and with due consideration for conserving the public health, safety, convenience, welfare and property values solely with respect to a parcel of land, where owing to conditions especially affecting such parcel, but not affecting generally the district in which it is situated, a literal enforcement of these regulations would result in exceptional difficulty or unusual hardship so that substantial justice will be done and the public safety and welfare secured."
To establish a hardship under General Statutes, Section 8-6, an applicant must show not only that he is thwarted in a desired use of land, but also that he is being completely or almost completely deprived of the use of the value of that land (citations omitted),Jaser v. Zoning Board of Appeals, 43 Conn. App. 545, 546, fn. 2. A hardship warranting a variance must be "unusual," General Statutes, Section 8-6(3); "unnecessary to the carrying out of the general purpose of the zoning plan, Grillo v. ZoningBoard of Appeals, 206 Conn. 362, 368. A hardship which would permit a ZBA to vary the application of zoning regulations must differ in kind from the hardship imposed on properties in general by the regulation, Makar v. Zoning Board of Appeals,150 Conn. 391, 396-97. Disappointment in the use of the property does not constitute exceptional difficulty or unusual hardship,Krejpcio v. Zoning Board of Appeals, 152 Conn. 657, 662, 211A.2d 687 (1965).
The defendant zoning board of appeals, after hearing, denied the plaintiff's application on the grounds (1) that there was no hardship shown; (2) that the proposed construction would have a negative impact on the neighborhood. Where the board states its reasons on the record, the court is to look no further Westportv. Norwalk, 167 Conn. 151, 161, 355 A.2d 25 (1974). Courts are not to substitute their judgment for that of the Board and decisions of the Board will not be disturbed as long as honest judgment has CT Page 13358 been reasonably and fairly exercised after a full hearing,Torsiello v. Zoning Board of Appeals, Conn. App. 47, 49. Where a zoning authority has stated the reasons for its action, a reviewing court may only determine if the reasons given are supported by the record and are pertinent to the decision. (citation omitted), Id, at 50.
Having reviewed the record, the court concludes that there is substantial evidence in the record to support both grounds relied on by the ZBA in denying the plaintiff's application for variance.
There was testimony in the record by a neighbor on the negative impact of the deck enclosure on the neighborhood, on which the ZBA was free to rely. There was no showing by the applicant of legal hardship to warrant granting the application at issue.
 VII
On appeal to this court, the plaintiff claims the hardship stems from the ambiguity of the pertinent regulations.
The plaintiff cites Leveille v. Zoning Board of Appeals,145 Conn. 468, 473-5; Shell Oil Co. v. Zoning Board of Appeals,156 Conn. 66, 70 as holding that ambiguity in the zoning regulations can give rise to a hardship. The plaintiff acknowledges that this concept was "limited" by Wnuk v. Zoning Board of Appeals,225 Conn. 691, wherein the court concluded that the extent of the ambiguity was determinative in deciding whether there is a legally sufficient hardship. The plaintiff claims that the instant case rises to this level of ambiguity.
Wunk does indeed limit Leveille: "Leveille is a unique case in our zoning jurisprudence and must be limited to its specific facts", Wnuk v. Zoning Board of Appeals, supra, at 698. The facts of Leveille, as stated in Wnuk, were ". . . [A] 1950 zone change created a commercial zone of unascertainable depth within a residential zone." Id. The facts of the Leveille case differ from those of the instant case. "The regulation at issue in Leveille
was so vague that it was not even susceptible of interpretation",Id. That cannot be said of the regulations at issue in the instant case. Indeed, the regulations at issue in this appeal are susceptible to interpretation and have in fact been interpreted by the ZEO. CT Page 13359
As to Regulations, Section 2.17. the listing of "uncovered decks" as excepted from the requirement, unambiguously implies that covered decks are to be included in minimum setback requirements from critical coastal resource areas.
While the plaintiff might have discerned a certain ambiguity in how decks are to be treated under regulations, Sections 19.4 19.5, the extent of such ambiguity is not such as to warrant a finding of legally sufficient hardship. The ambiguity cited by the plaintiff might persuade a prudent homeowner to seek clarification as to the requirements of said regulations before construction, but it is not such that the ordinances in question are not even susceptible of interpretation, Wnuk, supra at 698. As stated, the ZEO did interpret the regulations in question as requiring the variances sought. The instant case is not one, likeLeveille, which is consigned to the category of cases holding that extreme financial hardship can support a grant of a variance. Any financial hardship in the instant case is self-created. A mere economic hardship or a hardship that was self-created, however, is insufficient to justify a variance,Bloom v. Zoning Board of Appeals, 233 Conn. 198, 208 (citation omitted).
The court finds that the plaintiff has failed to establish, by a fair preponderance of the evidence, that the defendant ZBA, in failing to find a hardship in the ambiguity of the pertinent regulations acted arbitrarily and illegally, or in abuse of its discretion.
 VIII
The court finds that the plaintiff, James R. Leva, has failed to establish, by a fair preponderance of the evidence, that the defendant Zoning Board of Appeals acted illegally, arbitrarily or in abuse of its discretion in denying the plaintiff's application for variance.
The relief requested is denied and the appeal is dismissed.
J. Downey, Judge